# THE PRAIRIE STATE LOAN AND TRUST COMPANY

*v.*

## ALEXANDER DOIG *et al.*

1. NEGLIGENCE—*owner of premises not responsible for acts of contractor having full charge of the work.* Where the relation of master and servant does not exist, nor directly that of employer and employee, but the work is let to a principal contractor to do the labor and furnish the materials for the erection of a building, the owner is not responsible for the negligent conduct of the workmen engaged in the use of machinery, or for any other negligence on their part.

2. INSTRUCTION—*giving a construction to witness' testimony.* Where the testimony of a witness is equivocal, and may as well be understood one way as in another, it is error for the court, in its instructions, to assume that there is no evidence of a fact which the testimony may tend to prove.

3. Thus, in an action against the owner of a lot, to recover for an injury caused by negligence of the workmen engaged in building a house thereon, where a witness testified that the building was erected for the owner of the lot, who was sued, an instruction to the jury that they were not to presume, in the absence of all evidence on that point, that the building was being put up under a contract with another, was *held* erroneous, as assuming what the witness meant in his testimony.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

This was an action on the case, by Alexander Doig and Irvin Van Duzer against The Prairie State Loan and Trust Company, for alleged injuries to property by the falling of a derrick.

The opinion of the court states the material points and questions arising in the case. The jury found the defendant guilty, and assessed the plaintiff's damages at $600, upon which the court rendered judgment, refusing a motion for a new trial.

Messrs. Scoville, Corwin & Bayley, for the appellant.

Messrs. Runyan, Avery, Loomis & Comstock, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

This action was to recover for injury to property of appellees, caused by the falling of a derrick. The evidence which connects appellant with the cause of the injury, is not of a satisfactory character.

It is sought to charge the company, on the testimony of the witness Scoville, who stated the company owned the property and the new building erected thereon, where the accident occurred. To the question, "Was it erected *by* them; was it erected *for* them?" the witness answered, "It was erected *for* them." This is all the evidence in the record on this question.

It is by no means clear, from this testimony, that the company was, itself, engaged in the erection of the building on the premises where the derrick was being used. The language of the witness is somewhat equivocal, and may be said to be susceptible of more than one meaning. Persons to whom it was addressed might, without doing any violence to the terms used, place different constructions upon it. Possibly it might be understood to mean the company had employed persons under its immediate direction, as its hired servants, to erect the building for it. But it seems more rational to construe the answer of the witness to mean that the building was being erected by a contractor employed by the company for that purpose. In that event, the relation of master and servant would not exist between the parties. The contractor would have the entire charge, and the party for whom the building was being erected would have no right to direct the laborers in the use of the machinery employed about the work, either as to its safety or otherwise. The transaction would assume the character of an independent undertaking on the part of the contractor, and he alone would be responsible for the negligent conduct of his employees.

Where the relation of master and servant does not exist, nor directly that of employer and employee, but the work is let to a principal contractor to do the labor and furnish the materials for the erection of a building, the owner is not responsible for the negligent conduct of the workmen engaged, in the use of machinery, or for any other negligence on their part. This rule stands to reason, and is supported by authority. *Scammon* v. *City of Chicago*, 25 Ill. 434; *Hillard* v. *Richardson*, 3 Gray, 349; Shearman & Redfield on Negligence, 100.

Considering the doubtful character of the evidence, the second instruction given for appellees was calculated to prejudice the cause of appellant. By it the jury were told they were "not to presume, in the absence of all evidence on that point, that the building in question was being put up or

erected under a contract with Wilson, or any other person or persons."

In this instruction,.the court gives a construction to the evidence, and assumes there was no testimony on this vital point in the case. It was the province of the jury to say what meaning should be given to the language of the witness, and how his answer should be understood. This they were not permitted to do. The court having adopted a construction favorable to appellees, the jury would be inclined to adopt it, also, and follow the instruction given. Indeed, it would be reprehensible for them not to do so. It was an expression of an opinion by the court as to what the witness intended the jury should understand from his testimony, and this it had no right to do. They ought to have been left free to draw their own conclusions from the evidence.

It is insisted fatal errors have intervened in permitting certain amendments to the record, after the close of the term at which the trial was had.

It will not be necessary to notice this point, for the reason the judgment is to be reversed on other grounds, and whatever amendments may be necessary, if they have not been heretofore made, can be made before another trial, and this cause of error removed.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*