## Illinois & St. Louis R. R. & Coal Co.

### v.

## S. H. Caldwell.

1.  Trespass—Possession.—The question as to who was in possession of the premises at the time of the trespass complained of, was fairly submitted to the jury, and their verdict must be held as settling it in favor of defendant in error

2.  Contractor in possession.—The objection that defendant in error being but a contractor to erect a building on the premises in question, did not have actual possession and therefore could not maintain this suit of *trespass quare clausum fregit*. *Held*, that such objection is not tenable.

Error to the City Court of East St. Louis; the Hon. William P. Launtz, Judge, presiding. Opinion filed November 27, 1885.

Messrs. G. & G. H. Koerner, for plaintiff in error.

Messrs. Flannigan & Canby, for defendant in error.

Green, J.   This was an action in *trespass quare clausum fregit* commenced by Caldwell against plaintiff in error, in the City Court of East St. Louis.

There was a verdict in favor of Caldwell for $100, a motion for a new trial by defendant below, which was overruled, and a judgment upon the verdict, to reverse which this writ of error was sued out.

It appears from the record that one Baird was in possession of a small piece of ground in East St. Louis, upon which, by a contract with Baird, Caldwell agreed to erect a building and furnish the materials therefor; that Caldwell in pursuance of this contract entered peaceably upon this piece of ground, and without objection on the part of any one, hauled the materials and proceeded with the work of erecting the building thereon, and had nearly completed the building when the agents and servants of plaintiff in error, claiming to be in possession of said premises, forcibly entered thereon, pulled down a portion

of said building and removed the materials. On the part of the defendant below, at the trial, evidence was introduced tending to prove that it was in possession of said premises at the time Caldwell entered. By proper pleas and upon the evidence, the question, " who was in possession thereof when Caldwell entered and during the time he worked in the erection of said building?" was fairly submitted to the jury who tried the cause, and their verdict must be held as settling it in favor of defendant in error. The point is made on behalf of plaintiff in error, that Caldwell, being but a contractor to erect a building on said premises, did not have actual possession and therefore could not maintain this suit. This position, however, is not tenable. Scammon v. City of Chicago, 95 Ill. 424; Prairie State Loan & Trust Co. v. Doig, 70 Ill. 52.

The evidence tended to prove and the jury were justified in finding that at the time of the trespass, Caldwell had peaceable possession of the ground occupied by the building at least, and the damages claimed and recovered by him are for the loss he sustained by tearing it down and by the injury to and destruction of the materials furnished and used by him in its construction. The damages so recovered by him were not excessive, and we see no reason why the judgment below should be reversed; the same is therefore affirmed, and the costs of the additional abstract, furnished by the defendant in error, will be taxed against the plaintiff in error.

Judgment affirmed.