## LOUIS CENTRELLO'S CASE.

Suffolk. March 4, 1919. — March 12, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* To whom it applies, Independent contractor. *Agency,* Existence of relation, Independent contractor.

Where the proprietor of three two-horse teams lets them with the drivers to a corporation to haul dirt at the rate of $1 an hour for each team and driver, driving one of the teams himself and hiring and paying drivers for the others, and where the corporation exercises no control over the drivers except to direct them where to get dirt and where to dump it, the master teamster thus driving one of his own teams is not an employee of the corporation, and, if he is injured while engaged in the work of hauling and dumping the dirt, he cannot maintain a claim under the workmen's compensation act.

In the case where the point above stated was decided, it was *pointed out* that the provision contained in St. 1911, c. 751, Part III, § 17, for the benefit of injured employees of an independent contractor does not apply to an injury to the independent contractor himself.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding to Louis Centrello compensation under the act.

The case was heard by *Chase,* J. The material evidence, all of which was contained in the report to the Industrial Accident Board of the single member of that board, is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*L. C. Doyle,* for the insurer.

No counsel appeared for the employee.

BY THE COURT. Centrello owned three teams, which he let with drivers to the J. K. Ryan Company to haul dirt at the rate of $1 per hour for each team and driver. Centrello drove one of the teams himself. At the end of a day's work Centrello got off his cart and went in front thinking it would be safer to lead the horses

down an embankment. He took hold of the horses by the bridle and led them. While doing this his leg was broken by a rolling stone. The J. K. Ryan Company directed the general work of hauling the dirt. The drivers did no work of shovelling or loading and only drove the horses and took the pin out of the cart when it had been driven to the place to dump and replaced it after the cart had been dumped. The Ryan company did not fix the wages of the drivers. That was done by Centrello. He received no wages himself. He made the profits due to the owner and contractor for letting the teams with drivers. Neither he nor his drivers were on the payroll of the Ryan company. There is no evidence that the Ryan company exercised any control over the drivers respecting their horses, except to direct them where to get dirt and where to dump it. The statement of a foreman of the Ryan company to the effect that "If a driver did n't do what I wanted him to, I would tell him to take his team and go" adds nothing to his testimony that "other than to tell Centrello and his two drivers where to get dirt and where they should dump it, he did not give them any orders."

Where nothing further appears, it is plain that the driver of a team hired out by the owner, his general employer, to perform work for another, remains in the employ of his general employer so far as concerns the management and care of his horses. *Peach* v. *Bruno,* 224 Mass. 447. Centrello was not an employee of the Ryan company in this respect. Since there is nothing to show that the care and management of the horses were surrendered to the Ryan company the drivers were not employees of that company, but of the owner of the horses and teams. *Shepard* v. *Jacobs,* 204 Mass. 110, and numerous cases there collected. *Brackett* v. *Lubke,* 4 Allen, 138, has no pertinency under these conditions. The circumstance that Centrello was the owner and drove one of his own teams does not establish the liability of the Ryan company. He stands in this regard no better than one of his hired drivers. He was working for himself respecting the care and particular management of the horses. He received his injury in connection with that work. The case is governed by the principle stated in numerous cases. *Reagan* v. *Casey,* 160 Mass. 374. *Driscoll* v. *Towle,* 181 Mass. 416. *Cain* v. *Hugh Nawn Contracting Co.* 202 Mass. 237, 239. *Pigeon's Case,* 216 Mass. 51.

*Comerford's Case,* 224 Mass. 571. *Clancy's Case,* 228 Mass. 316. *Scribner's Case,* 231 Mass. 132. *Standard Oil Co.* v. *Anderson,* 212 U. S. 215.

Upon the facts found Centrello was not entitled to recover under Part III, § 17, of the workmen's compensation act, St. 1911, c. 751. It is plain that he was an independent contractor. If other elements are made out, the general employer is liable to pay to employees of an independent contractor "any compensation which would be payable to them under this act if the independent or sub-contractors were subscribers." These words afford compensation only to the employees of the independent contractor and not to the independent contractor personally. *Cashman's Case,* 230 Mass. 600.

*Decree reversed.*

*Decree to be entered in favor of the insurer.*