## George Winslow's Case.

Suffolk.  March 5, 1919. — March 12, 1919.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Workmen's Compensation Act, To whom it applies, Independent contractor. Municipal Corporations.*

One, engaged in the business of stable keeping, teaming and jobbing, who lets a cart, a pair of horses and himself as driver to work on the roads for a town that has accepted the provisions of St. 1913, c. 807, is an independent contractor, and, if injured by reason of the breaking of the king bolt of his cart while engaged in the work, he cannot claim compensation from the town, not being a laborer, workman or mechanic employed by the town within the meaning of the statute. Following *Centrello's Case, ante*, 456.

Appeal to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to George Winslow of Mansfield for an injury sustained by him on June 26, 1918, when working on the roads of that town, which had accepted the provisions of St. 1913, c. 807.

The case was heard by *J. F. Brown*, J.  The material evidence reported by the Industrial Accident Board is described in the

opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*H. F. Wood,* for the insurer.

*J. R. Halliday,* for the employee.

BY THE COURT. The claimant was engaged in the business of stable-keeper, teaming and jobbing. He let, to work for the town on its roads, a cart, a pair of horses and himself as driver for the single and undivided price of $6 per day. His work was principally driving, but as occasion required he got off and shovelled and raked. The matter of handling the horses was left entirely to him and he managed them in his own way. He had used a cart of his own most of the time, but on the day of his accident he furnished a cart which he did not own. The accident occurred while he was driving off the road to dump his cart and was caused by the giving way of the king bolt. The town was liable under St. 1913, c. 807, § 1, for injuries received by "such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employment," in general according to the provisions of the workmen's compensation act.

The facts show plainly that the claimant was an independent contractor. He furnished the team and driver for one price. The duty of the care and management of the horses and cart rested upon him as such contractor. His injury occurred in connection with the performance of that duty. The case is covered in principle in every particular by *Centrello's Case, ante,* 456, just decided.

It follows that the claimant does not come within the terms of St. 1913, c. 807, § 1, on which alone liability of the town can be based.

*Decree reversed.*

*Decree to be entered in favor of the town.*