WRIGHT ECKERT'S CASE.

Berkshire.  September 9, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Independent contractor.

In a claim under the workmen's compensation act against a town, that had accepted St. 1913, c. 807, and was insured under the act, where the claimant at the time of his injury was hauling a load of ashes for the town to be used in the construction of a public way, it appeared that by the claimant's contract of employment he was to furnish the team and to feed, take care of and drive the horses for a fixed daily remuneration, that the entire management and mode of transportation were under his control and that the only orders given by the foreman of the town were to direct him where to go for the ashes and, after the ashes had been loaded by the town's employees, to dump them at a designated place. *Held*, that the claimant was an independent contractor and not an employee of the town and could not be awarded compensation.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board dismissing the claim of Wright Eckert against the town of Lee for compensation for an injury sustained on July 22, 1918, when he was driving his team and was hauling a load of ashes for the town.

The case was heard by *Morton*, J. The facts shown by the evidence reported are described in the opinion. St. 1913, c. 807, was not mentioned in the record but it was found that the town of Lee was "insured to pay compensation to its employees." The judge made a decree that the claimant was not entitled to compensation and that his claim for compensation be dismissed. The claimant appealed.

*J. M. Rosenthal*, for the claimant.

*G. Gleason*, for the insurer.

BRALEY, J. The undisputed facts shown by the record and found by the Industrial Accident Board are that at the time of the injury the claimant with his team was hauling a load of ashes for the town of Lee to be used in the construction of a public way. It was provided by his contract of employment that he should furnish the team, feed, take care of and drive the horses for a fixed daily remuneration. The entire management and mode of transportation were under his control and the only orders given by the town's foreman were to direct him where to go for the ashes and after the ashes had been loaded, in which work he took no part, to dump the ashes at a designated place. It is plain as matter of law under *McAllister's Case*, 229 Mass. 193, *Centrello's Case*, 232 Mass. 456, and *Winslow's Case*, 232 Mass. 458, that when injured he was not an employee of the town but an independent contractor.

It having been rightly held and ruled by the board that there could be no recovery under St. 1911, c. 751, and amendatory acts, the decree dismissing his claim for compensation must be affirmed.

*Ordered accordingly.*