### ALECTANCE ROBICHAUD'S CASE.

Suffolk.  November 19, 1919. — November 21, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* To whom act applies, Independent contractor.

One who makes a contract to draw logs for a certain amount per cord, furnishing and caring for his own team and assuming no obligation to draw the logs at any particular time but doing it at his convenience in connection with other business, is an independent contractor and not an employee under the provisions of the workmen's compensation act and, if injured while engaged in the performance of the contract, is not entitled to the benefit of the provisions of the act.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board, entered on February 17, 1919, awarding to the claimant $25.71 as compensation under the act.

The case was heard by *Lawton,* J. Material facts are described in the opinion. A decree was made in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason,* for the insurer, submitted a brief.

No counsel appeared for the claimant.

BY THE COURT. The claimant made a contract with the insured "to draw logs for $2.50 a cord," furnishing and caring for the team. He assumed no obligation to draw the logs at any particular time, doing it at his convenience in connection with

other business. He was injured in the performance of this contract, which, as construed by the acts of the parties, included unloading or helping to unload the logs at their destination.

On these facts, which are not in dispute, it is plain that the claimant was an independent contractor. He was not an employee under the workmen's compensation act. The case is governed by *Centrello's Case*, 232 Mass. 456, *Winslow's Case*, 232 Mass. 458, and *Eckert's Case*, 233 Mass. 577, all decided since the hearing before the Industrial Accident Board, which preclude the claimant from recovering.

> *Decree reversed.*
> *Decree to be entered in favor of the insurer.*