JAMES HAGGARD'S CASE.

Suffolk.  November 18, 1919. — January 6, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act.*

An employee of a city subject to the provisions of the workmen's compensation act was engaged in general teaming, using his own horses and cart.  During the noon hour of a day when he was engaged in hauling coal from a pile near a railroad track, he sat on the track and leaned against a railroad car while he was eating his luncheon and his horses stood at the coal pile near by and were being fed.  While he was so sitting, a locomotive was attached to an adjacent car and thereby the one against which he was leaning was caused to "kick" and he was "rolled under" it and injured.  In a claim under the workmen's compensation act, it did not appear that he had received orders from his superior except as to places of receipt and delivery of his loads.  *Held,* that the accident which caused the claimant's injury did not arise out of his employment.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board, entered on December 24, 1918, that the claimant was not entitled to compensation.

The case was heard by *Chase,* J.  Material facts are described in the opinion.  A decree was entered dismissing the claim; and the claimant appealed.

*P. H. Tirrell,* for the claimant.

*W. M. Wilbar,* for the insurer, submitted a brief.

JENNEY, J.  James Haggard was in the service of the city of Brockton and was engaged in general teaming, using his own horses and cart.  He was paid $6.50 per diem for his own services and the use of his property.  He not only drove his team, but did other work incidental to its use.  It did not appear that he received

orders except as to places of receipt and delivery of his loads. On the day of his injury, July 11, 1918, he had been hauling coal from a pile near a railroad. During the noon hour, he sat on the railroad track and leaned against a railroad car while eating his luncheon. While he was so sitting, an engine was attached to another car, and thereby the car against which he was leaning was caused to "kick," and Haggard was "rolled under" that car and injured. While he was eating, his horses stood at the coal pile near by and were being fed.

Even if, as the board found, he was an employee, as to which see *Centrello's Case*, 232 Mass. 456, *Winslow's Case*, 232 Mass. 458, *Eckert's Case*, 233 Mass. 577, and *Robichaud's Case, ante*, 60, the board was justified in finding, if not constrained to find, that the accident did not arise out of his employment. Haggard was not in a place in which it was necessary for him to be in the course of his work, or in going to or coming therefrom. The act in which he was engaged when injured had no relation to his employment; indeed, his going upon the railroad track seems to have been in violation of St. 1906, c. 463, Part II, § 232, although the decision of this case is not based on that statute. *Fumiciello's Case*, 219 Mass. 488. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560. *Borin's Case*, 227 Mass. 452. *Rochford's Case, ante*, 93. He chose "to go to a dangerous place where he . . . [had] no business to go, incurring a danger of his own choosing and one altogether outside any reasonable exercise of his employment." *Brice* v. *Edward Lloyd, Ltd.* [1909] 2 K. B. 804, 810.

The decree for the insurer was properly entered, and must be affirmed.

*So ordered.*