### FRANCIS GALLAGHER'S CASE.

Suffolk.    December 1, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Agency,* Existence of relation, Independent contractor.    *Workmen's Compensation Act,* To whom act applies.

The owner of a horse and wagon made a contract with a manufacturing corporation
to carry merchandise to and from its plant at a certain price per bundle, barrel,
or package, the price depending upon the size of the articles and the distance
they were carried.  He was given the right to carry merchandise for other
parties, but was required to be at the place of business of the corporation
daily, and at such time as the amount of merchandise called for, and this made
it necessary for him to go there about nine o'clock in the morning and to work
for the corporation most of the day.  He was helped by the foreman and
other employees of the corporation in loading and unloading his wagon at the
plant and sometimes used a crane of the corporation, he then being directed
to fasten the hook to the article to be loaded or unloaded but having nothing
to do with the operation of the crane.  On an occasion when the crane was
not in working condition, he was directed to roll barrels out of the wagon to
a platform at the plant.  While so doing, the king pin came out of the wagon,
the front was thrown up and a barrel then was caused to fall upon him, injur-
ing him.  In proceedings brought by him under the workmen's compensation
act, it was *held,* that
    (1) The claimant was not an employee within the meaning of the act;
    (2) The circumstance that the claimant sometimes was assisted by employees
of the corporation did not render him an employee;
    (3) The fact that the claimant occasionally was given directions by the
foreman or shipper of the corporation respecting the unloading of his wagon
did not constitute such control as to warrant a finding that the relation of
master and servant existed.

CERTIFICATION, filed in the Superior Court on May 12, 1921,
under the provisions of the workmen's compensation act, of a
decision of the Industrial Accident Board affirming and adopting
findings and rulings of a single member of the board that Francis
Gallagher, who received personal injuries while unloading a barrel
at the plant of the Viscol Company, was an employee of that
company and was not an independent contractor, and awarding
him compensation.

In the Superior Court the case was heard by *Sanderson,* J.
Material evidence and findings and rulings of the single member

of the Industrial Accident Board are described in the opinion. By order of the judge a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*L. C. Doyle*, for the insurer.

*E. O'Callaghan*, for the claimant.

CROSBY, J. The question in this case is whether the evidence warranted a finding that the claimant was an employee of the Viscol Company at the time of receiving his injury on June 9, 1920.

In the month before the injury the claimant bought a horse and wagon; and soon afterwards made a contract with the subscriber to carry merchandise to and from the place of business of the latter at a certain price per bundle, barrel or package so carried, the price depending upon the size of the articles and the distance they were taken. The board member found that the claimant also was given the right to carry merchandise for other parties, but was required to be at the place of business of the subscriber daily, and at such time as the amount of merchandise called for; this made it necessary for him to go there about nine o'clock in the morning and work for the subscriber most of the day. The foreman and other employees of the Viscol Company helped Gallagher to load his wagon at the company's place of business, and when he brought goods there they helped him to unload them, sometimes using for that purpose a crane. When this was used, he was directed to fasten the hook to the article to be loaded or unloaded; he had nothing to do with operating the crane. On the day of the accident he brought to the Viscol Company's place of business a load of barrels; the crane was not then in working condition and he was told to roll the barrels out of the wagon to the platform. While he was so engaged, the king pin came out of the wagon, throwing the front of it up, which caused one of the barrels to fall upon him breaking his leg.

He was injured in the performance of his contract which, as the board member found, included the work of loading and unloading the wagon; and although the subscriber's employees were assisting him at the time he was hurt, he was required to do that work under the terms of the contract. The undisputed facts make it plain that he was an independent contractor. He was an expressman, or truckman, paid to carry and deliver bundles,

packages and barrels in his team at a certain price for each article. He could do work for other persons, under the agreement, and receive compensation therefor. He was not paid any definite sum as wages. The work which he performed included the services rendered by himself and the use of his horse and wagon. The compensation which he received covered not only his own labor but the use of his property. It was remuneration for service, not wages for labor as such. Such payments were not wages for labor under the workmen's compensation act. It is clear that the claimant was not an employee within the meaning of that act. The arrangement which he had with the subscriber is inconsistent with the relation of employer and employee; otherwise he was an employee of every other person for whom he performed similar services. There was nothing in the contract with the Viscol Company that prevented the claimant from sending another driver in his place to carry and deliver goods for the company. *Mt. Pleasant Stable Co.* v. *Steinberg,* 238 Mass. 567. As he was injured in the performance of his contract, which included loading and unloading goods to be carried, the circumstance that he was sometimes assisted by employees of the company did not render him an employee. The fact that he was given directions occasionally by the foreman or shipper of the subscriber respecting the unloading of the wagon does not constitute such control as to warrant a finding that the relation of master and servant existed.

The conclusion reached is not inconsistent with the decision in *Scribner's Case,* 231 Mass. 132, and in *Hogan's Case,* 236 Mass. 241. These cases are readily distinguishable in their facts from those in the case at bar. *Brackett* v. *Lubke,* 4 Allen, 138, is not pertinent to the conditions here presented.

The case is covered in principle by numerous recent decisions. *Comerford's Case,* 224 Mass. 571. *Centrello's Case,* 232 Mass. 456. *Winslow's Case,* 232 Mass. 458. *Eckert's Case,* 233 Mass. 577. *Robichaud's Case,* 234 Mass. 60.

It follows that the entry must be

*Decree reversed.*

*Decree to be entered in favor of the insurer.*