ALLEN L. TOWNE's (dependent's) CASE.

Suffolk. November 9, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* To whom act applies. *Agency,* What constitutes, Independent contractor.

One who, for a certain amount per day, collected milk for a coöperative milk association by use of a motor truck which he owned for that purpose, going to and from farms, employing and paying such assistants as he needed, exercising his own judgment as to the customers he called on

first in any particular one of three groups into which the association had divided the producers for its convenience, and as to when he should call, is an independent contractor with and not an employee of the association, and, if his life is lost when his truck comes into collision with a railroad train, his dependent is not entitled to compensation under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board upon a claim by the widow of Allen L. Towne for compensation by reason of his death while an alleged employee of Easthampton Coöperative Association, in which the board affirmed and adopted findings and a decision by a single member of the board that the decedent was an employee of the association and that compensation should be awarded.

In the Superior Court, the case was heard by *Sisk*, J. Material facts are described in the opinion. By order of the judge, a decree was entered dismissing the claim. The claimant appealed.

*T. R. Hickey*, for the claimant, submitted a brief.

*W. I. Badger*, for the insurer.

BRALEY, J. This is a claim for compensation for the death of Allen L. Towne, the plaintiff's intestate and husband. It was agreed at the hearing before the board member, whose finding for the widow was affirmed by the Industrial Accident Board on review, that there was no question as to dependency, or notice of claim; the sole issue being whether the decedent was an employee.

The uncontradicted evidence of the manager of the Easthampton Coöperative Milk Association states the nature and extent of the decedent's connection with the association, which is claimed to have been his employer. It was engaged in collecting milk from various producers which, upon being received at the factory, was bottled and prepared for delivery to the retail trade. The decedent was the only collector of milk and in going to and from the farms he used a motor truck of his own, and for his services and use of the truck the association paid him $11.50 a day, or $80.50 a week. If the decedent required assistance, or

if he was unable to make a round trip at some particular time, he hired the needed labor, or procured and paid a substitute carrier.  While the producers for the convenience of the association were divided into three groups, and he received directions concerning this classification, he could exercise his own judgment as to the customer he should call on first in any particular group as well as the time, and the road or route to be taken, the only limitation being that the milk must be at the association's place of business prior to three o'clock in the afternoon.  The decedent, while operating the truck, came into collision with a railroad train at a crossing, suffering injuries which caused his death.

It is plain that the decedent was not an employee but was an independent contractor.  The orders received, he could execute in his own way within the time required, free from any control of the Association, and the entire management and mode of transportation were subject to his own will. *Eckert's Case,* 233 Mass. 577.  *Robichaud's Case,* 234 Mass. 60. The case at bar is distinguishable from *McAllister's Case,* 229 Mass. 193.  And, he not being an employee under the workmen's compensation act, G. L. c. 152, §§ 26–39, the decree dismissing the claim is

*Affirmed.*