## NEIL CAMPBELL'S CASE.

Suffolk.     October 5, 1934. — December 7, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

Where, in proceedings under the workmen's compensation act, it appeared that the claimant in 1933 used his automobile in connection with his work as an employee of the insured, with the knowledge and consent of the insured; that while so doing one of the tires became flat and he drove the automobile to a garage to have it repaired; and that while the garage man was repairing the tire, the claimant not exercising control over the work, a piece of steel flew into the claimant's eye, incapacitating him, a finding was not warranted either that the claimant's injury resulted from a "risk of the street" within the meaning of G. L. (Ter. Ed.) c. 152, § 26, or that it arose out of his employment; and he was not entitled to compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material facts are stated in the opinion. By order of *Swift,* J., a decree in accordance with the board's decision was entered. The insurer appealed.

*G. Gleason,* for the insurer.

*W. E. Fitzgerald,* for the claimant.

PIERCE, J. This is an appeal by the insurer from a decree awarding compensation to the employee, in accordance with a decision of the reviewing board which adopted the findings of the single member. The insurer contends (1) that the claimant was not an employee at the time of the injury; (2) that if he were an employee, the injury did

not arise out of and in the course of his employment; and (3) that if he were an employee, the injury did not arise out of an ordinary risk of the street, while the employee was actually engaged in the business affairs or undertakings of the employer.

The single member found that the claimant, Neil Campbell, on August 4, 1933, was an employee of the John Hancock Mutual Life Insurance Company within the meaning of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 1; that he used his automobile in connection with his work, with the knowledge and consent of his employer; that on August 4, 1933, while so using his automobile to deliver a life insurance policy to an assured of the company in a nearby town, his tire went flat and he drove to a garage to have it repaired; that while the repair work was going on a piece of steel flew into his right eye, with the result that he has practically and permanently lost the sight of it, and was totally incapacitated for work from August 4, 1933, to January 3, 1934, the date of the hearing.

A general employee who sustained an injury while operating his own motor vehicle was held to be an independent contractor and not entitled as an employee to compensation under G. L. c. 152, even though the object of such operation was the furtherance of the business of his employer. *Schofield's Case*, 272 Mass. 229, and cases cited. The presumption of independent control of the employee's own vehicle was held to be overcome by proof that the employment relation did exist in fact in *Manley's Case*, 280 Mass. 331, 335. It was also held in *Colarullo's Case*, 258 Mass. 521, that, whatever the relation, an injury caused by "street risk" did not arise out of and in the course of the employment. By St. 1927, c. 309, § 3, § 26 of G. L. c. 152 was amended by adding a provision that an employee injured by "an ordinary risk of the street" should be paid compensation. Subsequently to the injuries sustained in *Schofield's Case*, 272 Mass. 229, and in *Manley's Case*, 280 Mass. 331, St. 1930, c. 205, was enacted, to the effect that a general employee remained an employee "while operating

or using a motor or other vehicle, whether or not belonging to his employer, with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer," and such person who receives a personal injury "shall be conclusively presumed to be an employee." It is plain that the claimant brings himself within the operation of St. 1930, c. 205, unless it can be said that he was not operating or using the vehicle at the time of his injury.

Assuming, for the purpose of discussion, that Campbell was an employee of the insurance company while the tire was being repaired, just as he would have been conclusively presumed to be such an employee if he had been operating or using his automobile, the insurer contends that this does not mean that an injury which he might sustain while his automobile was being repaired is an injury arising out of and in the course of his employment; that is, that Campbell at the time of his injury must have been acting within the scope of his employment; that an employee is not entitled to compensation if injured when he is doing something which is "no part of his duty," *Rochford's Case*, 234 Mass. 93, 94, or which is outside any reasonable exercise of his employment, *Haggard's Case*, 234 Mass. 330, *Bolden's Case*, 235 Mass. 309, *Koza's Case*, 236 Mass. 342, *Gardner's Case*, 247 Mass. 308.

We do not think it necessary to consider the question posited by the insurer, whether, since the statutory amendment (St. 1930, c. 205), the John Hancock Mutual Life Insurance Company would be liable to a third person for the negligence of Campbell while he replaced the tire or repaired his own automobile. See *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574; *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236.

Campbell, at the time of the injury to his eye, was exercising no supervision over or direct control of the garage man who repaired his automobile. The act of the repair man which induced the flight of the steel splinter that found lodgment in Campbell's eye was not a risk of the street nor a risk which was incidental to the operation of Camp-

bell's automobile. Had a third person instead of Campbell been struck by the splinter it is plain that the John Hancock Mutual Life Insurance Company would not have been liable for any injury sustained by that person. There was no act done, nor omitted, by the claimant that had any causal relation to the flight of the steel splinter. We think the harm that came to him was too remote to be classified as a street risk, and that the injury received did not grow out of, though it occurred in the course of, his employment.

*Decree reversed.*