CHARLES E. HARVEY'S (dependents') CASE.

Suffolk.    December 4, 1935. — September 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act*, To whom act applies, Injuries to which
act applies, Appeal.

The mere fact, that a travelling salesman, who under an arrangement
     with his employer used his own automobile in his employer's business
     and exercised his discretion as to his movements within his sales ter-
     ritory, after finishing his duties in a town deviated from the route to
     a city to which the employer had directed he should go, did not require
     a finding that he then had ceased to be engaged in the business of his
     employer and had entered upon pursuits of his own; and findings were
     warranted under G. L. (Ter. Ed.) c. 152, § 26, that he still had the
     status of an employee and that an injury caused by a collision while
     so travelling arose out of an ordinary risk of the street while he was
     actually engaged in the business affairs of his employer.
A decree of the Superior Court awarding compensation in accordance
     with a decision of the Industrial Accident Board was affirmed where,
     although the board and the Superior Court erroneously concluded
     from the facts warrantably found that the employee received an in-
     jury arising out of his employment, those facts required a conclusion
     that his injury arose out of an ordinary risk of the street while actu-
     ally engaged in the business affairs of his employer.

CERTIFICATION to the Superior Court under the provi-
sions of the workmen's compensation act of a decision by
the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Morton, J.*,
by whose order a final decree was entered, stating that the
employee had suffered a personal injury "arising out of
and in the course of his employment from which his death
ensued," and awarding compensation. The insurer appealed.

*G. Gleason*, (*W. G. Reed* with him,) for the insurer.
*P. Record*, for the claimants.

DONAHUE, J.    This is an appeal by the insurer from a
decree of the Superior Court awarding compensation to
dependents of an employee in accordance with a decision of
the Industrial Accident Board which adopted the findings
made by a single member.

The employee, a travelling salesman, was driving his own automobile on a highway in Waldoboro, Maine, about 12:30 in the morning of May 22, 1934, when it came into collision with an automobile truck. He received injuries which caused his death.

The employer, whose place of business was in Boston, was engaged in selling belting and mill fittings. The district covered by the employee included part of Massachusetts and the whole State of Maine. He received a weekly salary and was paid four cents a mile for the use of his automobile. A company operating a woolen mill at Warren, Maine, had written to the employer with respect to the installation of a "drive" for a water-wheel and generator at its power house. On the morning of May 21, 1934, the employer instructed the employee to go from Boston to Warren and obtain information pertaining to the installation of the proposed "drive." He was also told or it was understood that on completing his errand at Warren he should go to Augusta and stay at the Hotel North where he usually stopped when in that locality and that during the rest of the week he should make calls on prospects or customers in that vicinity.

The employee left Boston that day and arrived at the mill in Warren the same afternoon. In order to obtain the necessary information he was obliged to wait until the operation of the mill had ceased for the day. From six o'clock until 11:30 that night he was at the mill conferring with its officials and gathering the required information. He then left in his automobile taking the highway known as route 1. Two miles before arriving at the place of the accident he passed an intersecting highway where travellers going to Augusta usually turn off. The single member found that coming over the crest of a hill, at a speed not found to be excessive, the employee met a truck coming in the opposite direction and there was a collision. He found that the employee suffered injury "arising out of and in the course of his employment." (G. L. [Ter. Ed.] c. 152, § 26.)

The finding that the dependents of the employee were entitled to compensation for an injury arising out of and in

the course of his employment necessarily involved the finding that he had at the time of his injury the status of an employee. Since the passage of St. 1930, c. 205, the workmen's compensation act has contained the provision that "For the purposes of this section [now G. L. (Ter. Ed.) c. 152, § 26], any person while operating or using a motor or other vehicle, whether or not belonging to his employer, with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer . . . shall be conclusively presumed to be an employee." That statute gave the status of an "employee" to one who, if driving his own automobile while engaged in the business of his employer in the circumstances there described, would, under the preexisting law, be an independent contractor and not entitled to compensation under the workmen's compensation act. *Manley's Case*, 280 Mass. 331, 334. *Higgins's Case*, 284 Mass. 345, 347. *Campbell's Case*, 288 Mass. 529, 530, 531. The finding that the employee in the present case had, at the time of his injury, such a status, required the finding that the circumstances recited in the statute existed. A fundamental dispute here is whether the evidence warranted such a finding.

When the employee was sent by his employer to Maine on Monday, May 21, 1934, there was only one call which he was specifically required to make. That was completed near to midnight when he left the mill at Warren. During the rest of that week it would be his duty to make general calls on customers and prospective customers in Augusta and vicinity. The evidence did not require the finding that he was under mandatory instructions to sleep at Augusta on the night in question in any event, regardless of the lateness of the hour when he should have completed his work at the Warren mill or other circumstances which might arise. He was a travelling salesman using his automobile with authority from his employer in going from place to place in a designated territory. There was evidence that he was a trusted employee who had considerable discretion in making his trips. He had the right to deviate from his route if

something arose to make it advisable. An officer of the company by which he was employed testified that if the employee deemed it advisable on the night in question to stay at Rockland and had a good reason for so doing it would be satisfactory to the employer. Rockland, it should be said, is not on a road between Warren and Augusta nor is it located in the direction in which the employee was driving at the time of the accident. In view of the discretion which the employee had, the place where the accident occurred does not compel the conclusion that he had ceased to be engaged in the business of his employer and had entered on pursuits of his own. If we assume that he had intentionally passed the intersecting highway commonly used by travellers going from Warren to Augusta and thus indicated the intention to pass what was left of the night in some other place than Augusta, it is not a necessary conclusion that he did not have at the time of the accident the status of an employee. In view of all the circumstances appearing we think the findings were warranted that at the time of the accident he was, within the meaning of the language of the statute, engaged, "with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer," and that he did not voluntarily incur a risk not incidental to his employment.

The workmen's compensation act in its present form provides compensation for one who has the status of an "employee" if he "receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged . . . in the business affairs or undertakings of his employer." G. L. (Ter. Ed.) c. 152, § 26, lines 1–7. In order for an employee to establish a right to compensation he must show that his injury arose from one of those two sources of injury alternatively stated in the statute. The language of the statute descriptive of the circumstances under which an injury to an employee arising out of an ordinary risk of the street becomes compensable is similar to the language employed in stating the circumstances under which one must be conclusively presumed to be an employee. We

have earlier referred to the evidence warranting the finding of such facts as would require that the employee in this case be held to be an "employee" within the meaning of the statute. Those same facts also warrant the finding that the employee was injured "while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." These are the circumstances stated in the statute which give a right to compensation for an injury arising out of an ordinary risk of the street. We think the injury of the employee in this case arose out of an ordinary risk of the street, *Higgins's Case*, 284 Mass. 345, and under the circumstances stated in the statute.

The reason given by the Industrial Accident Board for its conclusion that the employee's dependents are entitled to compensation, is that the injury arose out of and in the course of his employment. On the facts appearing in the record the danger which the employee encountered was one common to all persons travelling on public highways. An injury resulting to an employee from such a risk is not compensable under that portion of the workmen's compensation act which provides compensation for injuries "arising out of and in the course of his employment." *Colarullo's Case*, 258 Mass. 521, 522. *Carlstrom's Case*, 264 Mass. 493, 495. *Wamboldt's Case*, 265 Mass. 300. *Campbell's Case*, 288 Mass. 529, 530.

The injury which the employee in this case suffered was, however, compensable under that portion of the statute which provides compensation for an employee for an injury "arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." The facts which must necessarily have been found by the board in reaching the conclusion that the employee was, at the time of the accident, in the position of an "employee" also support the conclusion, that the circumstances required to create the right to compensation for an injury arising out of the risk of the street existed. We sustain the result reached, the award of compensation, although the ground

on which the board and the judge of the Superior Court based it was untenable. *Slocum* v. *Natural Products Co.* 292 Mass. 455, 458. *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, 487. *O'Keeffe* v. *John P. Squire Co.* 188 Mass. 210.

*Decree affirmed.*