Flannery, J.
Plaintiff Mary F. King (“King”) brings this employment discrimination action against her employers asserting that she has been unlawfully deprived of benefits and opportunities because she is female. She claims a jury trial on all issues for which one is available pursuant to M.G.L. c. 151B(“c. 151B”). The matter is here now on defendants’ motion to strike the jury demand on King’s sex discrimination claim. Defendants (“TBC”) assert that juiy trials are not available with respect to complaints under Chapter 151B. For the following reasons, defendants’ motion will be ALLOWED.
The defendants argue that neither Article XV of the Massachusetts Constitution (“art. 15”) nor c. 151B authorizes a jury trial of King’s sex discrimination claim. First, they urge that, in Massachusetts, art. 15 preserves juiy claims on rights which existed at the time the Constitution was drafted in 1780. In this case, TBC contends that there was no common law right to be free from employment discrimination in this state at the time the Declaration of Rights was adopted in 1780.
Second, TBC argues that, while the Legislature may provide for a juiy trial when it creates a new cause of action, it has elected not to do so in cases involving sex discrimination. The Legislature, the argument runs, by providing in §9 for jury trials only in age discrimination actions, manifests a legislative intent to exclude other types of discrimination claims from that procedure. Therefore, if the Legislature had wanted to extend jury trials to other discrimination claims, such as gender discrimination, it would have done so explicitly. Furthermore, defendants argue that by the statute’s multiple references in c. 151B, §9, to “the court,” the Legislature evidenced its intent that relief is equitable in nature. Defendants contend that the Supreme Judicial Court (“SJC”) has recently held that statutes calling for an award of damages, fees, and costs by “the court,” or prescribing equitable remedies (such as injunctive relief), are essentially “equitable" in nature and do not create a right to juiy trial. See Nei v. Burley, 388 Mass. 307, 315 (1983).
On the other hand, plaintiff first contends that art. 15 does confer the right by jury in c. 15 IB actions. Specifically, plaintiff argues that the question of entitlement to a juiy trial under art. 15 involves consideration of whether analogous civil proceedings existed at common law, not whether precisely the same cause of action existed in 1780. In that vein, plaintiff asserts that employment discrimination suits have their foundation in common law tort actions. Plaintiff argues that the SJC has characterized c. 151B as affording plaintiffs “the legal remedy of compensatoiy damages.” Conway v. Electro Switch Corp., 402 Mass. 385, 387 (1988). Plaintiff argues that the United States Court of Appeals for the First Circuit, when called upon to determine the nature of an employment discrimination suit brought pursuant to c. 151B, held that whether viewed as sounding in tort or contract, the cause of action is traditionally legal and the imperatives of the Seventh Amendment therefore attach. Gallagher v. Wilton Enterprises, Inc., 962 F.2d 120, 123 (1st Cir. 1992). Plaintiff argues, furthermore, that the United States Supreme Court has likened a discrimination action to an action for defamation or intentional infliction of mental distress and suggested that racial discrimination “might be treated as a dignitary tort.” Curtis v. Loether, 415 U.S. 189, 195, 196 n. 10 (1974). Therefore, plaintiff contends in this action, because it is in a traditional tort context, there is a general legal duty imposed upon a class (in this case, employers), and the vesting of rights in those who have suffered damage as result of violation of that duty.
Second, plaintiff asserts that the Legislature, in the 1990 amendment to c. 151B, §9, which added a cause of action for age discrimination, simply assumed that the causes of action governed by c. 151B, §9, prior to the 1990 age discrimination amendment, automatically afforded the right to a jury trial in employment discrimination cases, and that no express statutory reference thereto was necessaiy. Furthermore, plaintiff argues that neither the subject matter nor the public policy considerations affecting its treatment suggests that a differentiation between age and other forms of discrimination was intended.
Plaintiffs first argument that Article XV confers a right to a jury trial in gender employment discrim- *21 inat.on cases fails for the following reasons.[1] As TBC has correctly argued, there is not a common law right to be free from employment discrimination since the critical inquiry under art. 15 is whether the claim in question existed in Massachusetts at the time the Declaration of Rights was adopted in 1780. See, e.g., Commonwealth v. Mongardi, 26 Mass.App.Ct. 5, 8, rev. denied, 402 Mass. 1104 (1988); Johnson v. U.S. Steel Corp., 348 Mass. 168, 170 (1964); Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 513 (1985), affd, 397 Mass. 1004 (1986). Cf. Commonwealth v. Guilfoyle, 402 Mass. 130, 135-36 (1988) (no constitutional right to a juiy trial of claim arising under Massachusetts Civil Rights Act (“MCRA”) since, inter alia, there was no common law cause of action in 1780 for violation of an individual’s civil rights).
Furthermore, plaintiffs assertion that employment discrimination suits have their foundation in common law tort actions also fails. In Nei, supra, the Supreme Judicial Court held that there was no right to a juiy trial in cases involving the Consumer Protection Act, M.G.L. c. 93A (“c. 93A”). Nei, 388 Mass, at 315. Although the Legislature struck the words “in equity" from c. 93A, the fact that they left undisturbed the statute’s multiple references to “the court” as well as the silence of the Legislature on the jury issue, compelled the conclusion that they did not intend to create a jury trial right under c. 93A. Id. In the present case, given that there are in c. 151B and c. 93A, identical references to the power of “the court” to grant various remedies, Nei can be applied analogously to claims arising under c. 151B whereby the result would be that no juiy trial would exist for sex discrimination claims.[2]
Furthermore, the court in Guilfoyle, above, appears to place emphasis on the language of the MCRA which provided that an aggrieved plaintiff may be entitled to “injunctive or other appropriate equitable relief." Guilfoyle, 402 Mass. at 136. Chapter 151B, like the MCRA, provides for the equitable remedy of injunctive relief. Accordingly, since c. 151B, like the MCRA is “equitable” in nature, there is further support for the notion that there is no right to a juiy trial where a statutoiy claim for sex discrimination has been alleged.[3]
Plaintiffs second argument that c. 151B, §9, affords the right to a juiy trial also fails. If c. 151B authorized jury trials of employment discrimination claims generally, the amendment to §9 providing for juries in age discrimination cases would be redundant. Conversely, the Legislature’s explicitness as to age cases impliedly excludes the other forms of discrimination. Simon v. State Examiners of Electricians, 395 Mass. 238, 244 and n.7 (1985). In sum, the specific reference in §9 providing for jury trials only in age discrimination actions indicates a legislative intention to exclude other types of discrimination claims from that procedure. Therefore, defendants have correctly concluded that if the Legislature had wanted to extend this new juiy trial right to other discrimination claims, it would have done so expressly. See Ferullo’s Case, 331 Mass. 635, 637 (1954) (“[i]t is not to be lightly supposed that radical changes in the law were intended where not plainly expressed”).
ORDER
For the foregoing reasons, defendants’ motion to strike jury demand on plaintiffs claim for sex discrimination pursuant to c. 151B is ALLOWED.

We need not discuss the federal cases presented by the plaintiff since the jury trial guarantee in the Seventh Amendment has not been extended to the states through the Fourteenth Amendment. See, e.g., Curtis, 415 U.S. at 192 and n.6; Galvin v. Welsh Manufacturing Co., 382 Mass. 340, 345 (1981); Freeman v. Wood, 379 Mass. 777, 784 (1980).

In the present case, c. 151B, §9, includes multiple references to “the court." For instance, the third paragraph of c. 151B, §9, states in relevant part that “[i]f the court finds for the petitioner, it may award the petitioner actual and punitive damages. If the court finds for the petitioner it shall, in addition to any other relief. . . award the petitioner reasonable attorneys fees and costs unless special circumstances would render such an award unjust." (Emphasis added.)

Furthermore, in Guilfoyle, notwithstanding the fact that compensatory damages were available under the MCRA the court concluded that the MCRA was essentially equitable in nature and that there was no right to a jury trial. Guilfoyle, 402 Mass, at 136.