## JOSHUA CLARK'S CASE.

### York.   Opinion September 11, 1924.

*Under the Workmen's Compensation Acts of various jurisdictions an "independent contractor" for an injury sustained in the performance of his contract for services, is not, as a rule, compensable.   The line of demarkation between an "employee" and an "independent contractor" is sometimes faint and obscure.   If the employer has the right to direct what shall be done and how it shall be done, the other party is an employee, and the manner of payment is not decisive, but may be indicative.*

In the instant case from the writing no other reasonable conclusion is to be drawn than that Mr. Clark was an independent contractor and not an employee; "his contract was not to serve as a master, but to serve an object;" he was working for himself and received his injury in connection with that work.   The evidence that the names of Mr. Clark and his men were on the pay-roll of the company as carpenters was consistent with the contemplation of the contract that the wages and time of those who worked might be kept.

The compensation awarded in this case was unwarranted on the record under the express language of the Workmen's Compensation Act.   Where the facts are not in dispute and but one sensible conclusion is inferable, whether it is reached by natural reasoning or the application of fixed rules of law, the question of the relationship between the parties is one of law.

On appeal.   Joshua Clark, deceased husband of claimant, Olive P. Clark, entered into a written agreement with the York Utilities Company to take down a frame structure in Kennebunkport, called a coal pocket, salvaging the sound lumber, the daily wages to be paid to Mr. Clark and to the men who were to assist him being fixed in the agreement, but the total expense was not to exceed fifteen hundred dollars.

On the second day after beginning work, Mr. Clark fell from the roof of the building, and received injuries which resulted in his death within a few hours.   Claimant petitioned as dependent widow for compensation under the Workmen's Compensation Act.   The questions at issue were as to whether Mr. Clark was an employee or independent contractor, and if an employee as to whether his employment was casual.   Compensation was awarded and respondents appealed.   Appeal sustained.   Decree reversed.

The case is fully stated in the opinion.
*Willard & Ford*, for claimant.
*Robert Payson*, for respondents.

SITTING: CORNISH, C. J., DUNN, MORRILL, WILSON, DEASY, JJ.

DUNN, J.   Joshua Clark died by accident.   His widow claimed and was awarded compensation under the Workmen's Act.   Two questions of law are presented on the record.   First, Was Mr. Clark, at the time of the accident, an employee or an independent contractor? Second, If he was an employee, was his employment merely casual in nature?   The conclusion that he was an independent contractor obviates considering the second point.

In substance the facts are these:   The York Utilities Company owned a frame structure in Kennebunkport.   The demolition of that structure and the using of the lumber that would be salvaged to erect a building in another place was its purpose.   Negotiations with Mr. Clark, whose business was that of a contractor, merged in a written agreement dated August 8, 1923.   On Mr. Clark's part the undertaking was to tear down the building in good and workmanlike manner, sort and grade the lumber, and then pile the lumber in places where the company should say.   No time was set for the work to be begun or finished.   And what was to be done and how is not more definite in the agreement than in effect it is stated here.   The company promised payment at "the regular daily wage charged by him (Clark) as a contractor for himself and said men" (his employees) "for the amount of time put in by said Joshua Clark and his said employees," payable in instalments as the work progressed and the balance on completion, but not to exceed fifteen hundred dollars in all.   Other stipulations of the contract are not now material.

Clark and three men whom he had hired began work on the day that the agreement was made, doing the work in their own way and according to their own ideas, or at least according to Clark's ideas, no representative of the company assuming to exercise any control or direction as to its accomplishment.   The accident was on the next day; Mr. Clark fell to the ground from the roof of the building on which he was at work, and was so injured that he died soon afterward.

The Workmen's Act furnishes its own definition of the term "employee."   This is the defining:

"Employee shall include every person in the service of another under any contract of hire, express or implied, oral or written." 1919 Laws, Chap. 238, Sec. 1, Cl. 11.

An "independent contractor," in the expression of Judge Walton, is:

"One who carries on an independent business, and, in the line of his business, is employed to do a job of work, and in doing it, does not act under the direction and control of his employer, but determines for himself in what manner the work shall be done." *McCarthy* v. *Second Parish,* 71 Maine, 318. See, too, *Keyes* v. *Second Baptist,* 99 Maine, 308.

One who is not an employee, but an independent contractor for the work, it is held pretty generally if not universally, is not within the scope of compensation acts. *Mitchell's Case,* 121 Maine, 455; *Vamplew* v. *Parkgate Iron Company,* 1903, 1 K. B., 851; *Western Indemnity* v. *Pillsbury,* (Cal.), 159 Pac., 721; *Stephens* v. *Industrial Commission,* (Cal.), 215 Pac., 1025; *Flickenger* v. *Industrial Commission,* (Cal.), 184 Pac., 851, 19 A. L. R., 1150; *Perham* v. *American Roofing Company,* (Mich.), 159 N. W., 140; *Zoltowski* v. *Ternes Company,* (Mich.), 183 N. W., 11; *Thompson* v. *Twiss,* 90 Conn., 444, 97 Atl., 328; *State* v. *District Court,* (Minn.), 150 N. W., 211; *Hungerford* v. *Bonn,* 171 N. Y. S., 280; *Fancher* v. *Boston Excelsior Co.,* 196 N. Y. S., 793; *Litts* v. *Risley Lumber Company,* 224 N. Y., 321; *In re Rheinwald,* 223 N. Y., 572; *Village of Weyauwega* v. *Kramer,* (Wis.), 192 N. W., 452; *Simonton* v. *Morton,* 275 Pa. St., 562, 119 Atl., 732; *Landberg* v. *State Industrial Com.,* (Ore.), 215 Pac., 594; *Petrow* v. *Shewan,* (Neb.), 187 N. W., 940; *Robichaud's Case,* 234 Mass., 60; *Centrello's Case,* 232 Mass., 456; *Winslow's Case,* 232 Mass., 458; *Eckert's Case,* 233 Mass., 577.

The shade of distinction between an "employee" and an "independent contractor" is not always easy to catch as it flits past. In Texas, where the statutory meaning of employee is the same as in Maine, the Commission of Appeals has said this present year, that "the term 'employee' as used in (the) act may be said to have a broader and more liberal meaning than the word 'servant,' as that term has been generally understood, in this, that it was intended to include all those in the service of another whether engaged in the performance of manual labor, or in positions of management and trust, and whether being paid wages or a salary, so long as they remained under the ultimate control of the employer. However,

whatever the position occupied by the person employed, he must, to come within the provision of the law, be 'in the service of another.' " *Shannon* v. *Western Indemnity Company*, 257 S. W., 522.

As a usual thing, the principal consideration in determining whether a person is an employee, as distinguished from an independent contractor, is the authoritative right of the employer to control, not simply the result of the work, but the means and methods and manner by which the result is to be attained. If the employer has authority to direct what shall be done, and when and how it shall be done, and to discharge him disobeying such authority and direction, and if the employer would be liable to third persons for misconduct of the worker, the other party to the relationship is an employee. *Mitchell's Case*, supra; *Fidelity & Casualty Company* v. *Industrial Com.*, (Cal.), 216 Pac., 578; *Amalgamated Company* v. *Traveler's Company*, (Ill.), 133 N. E., 259.

Whether payment is to be by the piece or the job or the hour or the day is indicative but not decisive. *Morgan* v. *Smith*, 159 Mass., 570; *Chisholm's Case*, 238 Mass., 412; *Harrison* v. *Collins*, 86 Pa. St., 153; *Thompson* v. *Twiss*, supra; *Freeman* v. *Life & Health Assn.*, (Ala.), 98 So., 461; *Chicago, etc. Co.* v. *Bennett*, (Okla.), 128 Pac., 705, 20 A. L. R., 678 and annotation.

What is controlling is whether the employer retained authority to direct and control the work, or had given it to the claimant. *Mitchell's Case*, supra; *Forsyth* v. *Hooper*, 11 Allen, 419; *Generous* v. *Hosmer*, 216 Mass., 26; *Chisholm's Case*, supra; *Singer Mfg. Co.* v. *Rahn*, 132 U. S., 518. The test might be said to be simple enough, yet it is not infallible, and the attempt to demarcate the line of distinction "has involved . . . much perplexity and some inconsistency." *Kelley's Dependents* v. *Hoosac Company*, 95 Vt., 50, 113 Atl., 818.

Of course, determination must be in the light that the evidence affords. Where the facts are not in dispute and but one sensible conclusion is inferable, whether it is reached by natural reasoning or the application of fixed rules of law, the question of the relationship is one of law. But where the evidential facts are in dispute, or where ordinary minds might ordinarily conclude oppositely from the same elemental premises, then the question is for the trier of facts.

An indispensable finding, precedently to awarding compensation, was that the relation of employer and employee existed between the

York Utilities Company and Mr. Clark when the latter got hurt. If, in truth and in fact, there was evidence of legal weight from which that was found, although the evidence was conflicting, review of the record can go no further, for such is the inhibition of the Legislature. 1919 Laws, Chap. 238, Sec. 34.

What was before the Industrial Chairman to prove that Mr. Clark was an employee? The written agreement itself, testimony by the company's manager concerning what led to the making of the agreement, and that Clark and his men were regarded by the manager as being under his supervision, though he never oversaw or superintended them. And there was evidence that the names of Mr. Clark and the men of his crew were carried on the wage-roll of the company as carpenters.

The writing is unambiguous and embodies the entire contract. That which the parties specifically and finally agreed to do, rather than what brought them to agreeing, is the significant thing. Testimony by the manager of the authority he imagined he had, but never exercised, and of which Clark did not even know, did not strike efficacy from the document and leave it limp and scarcely more than waste paper, for it could not. The case was not that of an interpretation mutually by the parties, often resorted to where verbal meaning is not clear, or where the original agreement was modified by express assent or practice under it. But it was the conception of an employee of one of the parties, identified with the writing only as an attesting witness, as he passed the matter through the crucible of his mind, when sympathy may have warped his judgment and his reasoning processes may not have been cold. The objection interposed to the reception of the testimony ought to have been sustained.

And the evidence that the names were on the wage-roll was consistent with the contemplation of the contract that tab would be kept on who worked and when and his wages.

Probative force was contained in the writing. And from that no other reasonable conclusion is to be drawn than that Mr. Clark was an independent contractor and not an employee; "his contract was not to serve a master, but to serve an object;" he was working for himself and received his injury in connection with that work. Where only one consistent inference can be drawn from existing facts, finding otherwise is error of law. *Morey* v. *Milliken*, 86 Maine, 464; *Mailman's Case*, 118 Maine, 172; *Gauthier's Case*, 120 Maine, 73; *Ferris' Case*, 123 Maine, 193.

Other jurisdictions lend support to the proposition that Mr. Clark was a contractor.

B contracted to do the masonry and slating for cottages that A had undertaken to erect, the latter provided the materials and paid B by the day for his work. B worked as he wished, subject to getting the work done in six months, and was concurrently at work for other people. He was fatally injured, after the masonry and slating job was done, while putting right some of his defective work. It was held that he was not under a contract of service. *Byrne* v. *Baltinglass Council*, 5 B. W. C. C., 566.

A man carted stones. He did the work when it suited him. He was not controlled at the work, except that he was told where to cart the stones. And he was paid by the day for the work that he did. The finding was that he was not a workman. *Ryan* v. *Tipperary Council*, 5 B. W. C. C., 578.

One, who being engaged in the truck business, was employed to assist in moving a quantity of hay, and who loaded his truck when it suited his own convenience, with no one to control his actions or the times of his coming or going, and was to be paid a specified price per day for his services, was an independent contractor not within the terms of the California Workmen's Act. *Flickenger* v. *Industrial Commission*, supra.

Where a bridge contractor arranged with the owner of horses and wagons to haul sand from a designated place to the bridge, to be paid for on the basis of the cubic yard for the amount hauled, and the employer gave no directions other than to show the place from which the sand was to be taken and where delivered, and exercised no supervision over the wagon owner's movements, such owner was an independent contractor. *Stephens* v. *Industrial Commission*, supra.

A painter and decorator undertaking to do work by the hour for a hotel company and employing others on such job was an independent contractor, and not within the terms of the Michigan Act. *Holbrook* v. *Olympia Hotel Co.*, 166 N. W., 876.

A lumber company's teamster having Saturday afternoons free took the job of unloading a car of lumber for the company for a specified price, subject to no control of the company; his capacity was that of an independent contractor. *Zoltowski* v. *Ternes, etc. Co.*, (Mich.), 183 N. W., 11.

A painter working by the job and by the hour, as to certain work connected with painting the residence of his employer, and who hired his own assistants, was an independent contractor, in New York. *Hungerford* v. *Bonn*, supra.

So, in New York, a man who contracted to paint smokestacks for a lump sum and furnish his own implements, with discretion as to the time of beginning the work and method of doing it, was held to be without the Workmen's Act, although the employer furnished him with ropes and tackle and paint and paid a helper and during the progress of the work gave directions which were essential to the performance of the agreement. *Litts* v. *Risley Lumber Co.*, supra.

A Wisconsin painter agreed with a village in that State to clean and paint a bridge for a specified price. The village furnished the paint and he the brushes. He was at liberty to do the work in his own way at his own convenience. Held, an independent contractor. *Village of Weyauwega* v. *Kramer*, supra.

Where the proprietor of three two-horse teams let them with the drivers to a corporation to haul dirt, at an hourly rate for each team and driver, driving one of the teams himself and hiring and paying drivers for the others, and where the corporation exercised no control over the drivers except in directing them where to get the dirt and where to dump it, the master teamster thus driving one of his own teams was not an employee of the corporation. *Centrello's Case*, (Mass.), supra.

The business of a claimant was that of teaming and jobbing. He let a cart, a pair of horses and himself as driver to work for the town on the roads for a daily wage. He was held to be an independent contractor. *Winslow's Case*, (Mass.), supra.

At the time of the injury a compensation claimant was hauling ashes for a town. By his contract he was to furnish the team and to feed, take care of and drive the horses for a fixed daily remuneration. The only orders given to him were where to go for and where to dump the ashes. He was an independent contractor. *Eckert's Case*, (Mass.), supra.

One employed for a dollar an hour to repair a well, a work which took him some two hours, and in which he was injured, was held to be an independent contractor, and not an employee. *Otmer* v. *Perry*, 94 New Jersey Law, 73, 108 Atl., 369.

Expression of similar views from other cases would be but cumulative.

The appeal must be sustained and the decree below reversed.

*Appeal sustained.*
*Decree reversed.*