## ERNEST A. DOBSON'S CASE.

### Cumberland.    Opinion April 2, 1925.

*Under the Workmen's Compensation Act, generally speaking, the question as to whether the injured party is an "employee" or an "independent contractor" is determined as to whether the employer has the right to control the work and the means and manner of its performance, if so, the other party is an employee.*

In this case did the accident occur while the claimant was in the employment of the Portland Sebago Ice Company? The Commissioner must have found that stable room was furnished claimant, during his employment, as part consideration for his services, and such being the case, the preparation of the horses to enter the stable of the employer and to be there cared for in expectation of continuing the employment, in furtherance of the business of the employer, on the following day, was incidental to the main service of ice scraping, and an accidental injury, then and there suffered, was an injury arising out of and in the course of such employment.

On appeal. Claimant having worked during the day with his team in scraping and clearing an ice field for cutting ice for the Portland Sebago Ice Company, drove to the stable of the company to put up his team for the night, and while unhitching his horses, other horses approached and disturbed his horses, one of which kicked claimant injuring him severely. The question involved was as to whether the claimant was an "employee" or an "independent contractor." Compensation was awarded and respondent appealed from an affirming decree. Appeal dismissed. Decree affirmed with costs.

The case fully appears in the opinion.

*Roland H. Peacock*, for claimant.

*Eben F. Littlefield*, for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, DEASY, BARNES, JJ.

BARNES, J. Petitioner claimed and was awarded compensation for incapacity to work, and for medical, surgical and hospital services, incident upon an injury caused by a kick of one of his pair of horses,

while preparing to stable them, after a day's work in the service of appellant. In lieu of evidence, an "agreed statement" is submitted, and from this we are to determine:

First, whether petitioner was, at the time of the accident, within the meaning of the Workmen's Compensation Act, an employee of the appellant, or an independent contractor; and, if an employee,

Second, whether the injury was sustained in the course of such employment, and arose therefrom.

Petitioner had been personally managing and working his horses, through the day of the accident, presumably with a plow or scraper furnished by the appellant, scraping snow from the ice on Otter Pond under a contract with appellant, for the wage of 75c per hour, or $6.75 a day, and, according to the agreed statement, "in addition to the agreed price of 75c per hour, for services of said Dobson and his team the said Portland Sebago Ice Co. was to furnish, and did furnish, stable or housing accommodations for the horses of said Dobson." Further, according to the agreed statement, petitioner "was under the direct orders of Mr. Files, the team boss or superintendent at the plant or was subject to take orders from superiors if there was cause to change in the nature of his work and he was to do the work when and where directed by those men."

Appellant contends Dobson was an independent contractor. Generally speaking, it may be said that right to control the work, control not only of the result of the work, but also of the means and manner of the performance thereof, reserved to or possible of exercise in the employer, establishes and maintains the relation of master and servant, and negatives that of proprietor and independent contractor.

"If subject to the control of the person for whom the work is done, and as to what should be done and how," the employee is a servant and not an independent contractor.

*Messmer* v. *Bell*, etc. *Co.*, 133 Ky., 19; 19 Ann. Cases, 1.

What is important is whether the contractor or the employer has the power to dictate the particular manner in which the appliances shall be used and laborers do their work.

"The driver of a coal wagon, who owned the team and the running-gear of the wagon, and whose service it was to load coal upon the wagon, deliver it as directed by the coal company, and collect the money therefor, and who received a fixed sum per load, was not an

independent contractor, but a servant of the company whose coal he delivered." *Waters* v. *Pioneer Fuel Co.*, 52 Minn., 474, 38 A. S. R., 564, and cases cited in note, 19 A. L. R., 230.

In *Messmer* v. *Bell, etc. Co.*, supra, the court say: "An independent contractor is one who is independent of his employer in the doing of his work, and may work when and how he prefers. A servant is one who is employed by another and is subject to the control of his employer."

"In determining whether the relation is that of master and servant or that of proprietor and independent contractor, the mode of payment is not the decisive test; the test lies in the question whether the contract reserves to the proprietor the power of control over the employee." 1 Thompson on Negligence, Section 629.

"If work is done under a general employment and is to be performed for a reasonable compensation or for a stipulated price, the employer remains liable, because he retains the right and power of directing and controlling the time and manner of executing the work or of refraining from doing it if he deems it necessary or expedient." *Brackett* v. *Lubke*, 4 Allen, 138.

The later cases do not make either the mode of payment or the right to discharge the decisive test, but look to the broader question, whether the employee is in fact independent or subject to the control of the person for whom the work is done, as to what should be done and how it should be done. It is not easy to frame a definition of the term "independent contractor" that will happily classify each laborer, in the multifold conditions of the modern laborer's life.

In a discussion of the English Employers' Liability Act, Sir Henry Jackson, upon this point, said: "The relation of master and servant exists where the master can not only order the work, but how it shall be done. When the person to do the work may do it as he pleases, then such person is not a servant."

In a Federal Case: "The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished; or, in other words, not only what shall be done, but how it shall be done." *Singer Mfg. Co.* v. *Rahn*, 133 U. S., 518.

"A master is one who not only prescribes the end, but directs, or at any time may direct, the means and methods of doing the work.

If he merely prescribes the end and contracts with another to accomplish the end by such means and methods as such other may in his discretion employ, the latter is as to such means and methods not a servant but a master." *Bailey* v. *Troy & B. R. Co.*, 57 Vt., 252.

"The question in these cases whether the relation be that of master and servant or not is determined by ascertaining from the contract of employment whether the employer retains the power of directing and controlling the work, or has given it to the contractor. *Forsyth* v. *Hooper*, 11 Allen, 419; *Morgan* v. *Smith*, 159 Mass., 570; *McAllister's Case*, 229 Mass., 193; *Goff's Case*, 234 Mass., 116; *Chisholm's Case*, 238 Mass., 412.

In an action for compensation for the pecuniary injuries resulting in the death of a laborer in a lime rock quarry, where one of the defenses was that laborer was an independent contractor: "Upon the general averments in the declaration and in the absence of the particular allegations hereinbefore specified, the operations in the quarry from which the injury resulted must be deemed the work of an independent contractor, who represented the will of the owner only as to the result of his work and not as to the manner of conducting it, or the means by which the result is to be accomplished; and in such a case it is settled law that, as the contractor is not the agent or servant of his employer in relation to anything but the specific results which he undertakes to produce, the employer is not responsible for the contractor's negligence." *Boardman* v. *Creighton*, 95 Maine, 154.

"The determination of this question depends upon who had the right to direct and control the work of the claimant. Was he a law unto himself, responsible only for the results, or was he subject to the dictation of the superintendent of the quarry? Clearly the latter. Under the well-settled principles of law he could not be regarded as an independent contractor." *Mitchell's Case*, 121 Maine, 455.

As each new case arises, it must be disposed of by looking to and reasoning from the particular facts which it presents.

Appellant contends that the reasoning in two recent Massachusetts cases, *Centrello's Case* and *Winslow's Case*, apply and should govern the decision in this case. But we think those cases are clearly distinguishable herefrom. In each of the cases referred to, the claimant was a man engaged in and making a business of teaming, Centrello with his three teams, and Winslow, a stable-keeper, engaged

in the business of teaming and jobbing; while in the case before us there is nothing to show that Dobson was a man of any distinctive business.    He is classed by the astute counsel for appellant merely as "a native," and well may be but a farmer of the vicinity or a day laborer.

As to the burden of proof; as a general proposition, no presumption exists that an employee is either a servant or an independent contractor, and the burden is upon the party having the affirmative of the issue to show the relation to be such as to entitle him to recovery. *Prairie State L. & T. Co.* v. *Doig*, 70 Ill., 52; *Arasmith* v. *Temple*, 11 Ill., App. 39; *Dutton* v. *Amesbury Natl. Bank*, 181 Mass., 154; *Midgette* v. *Braming Mfg. Co.*, 15 N. C., 333, 64 S. E. 5; *Hunt* v. *Penn. R. Co.*, 51 Pa. St., 475.

But in an action against an employer for injuries, a presumption arises that a person working on the defendant's premises and performing work for the benefit of the defendant was a mere servant, and if the defendant seeks to avoid liability on the ground that such person was an independent contractor, the burden is on him to show the independence of the employee.    *Anderson* v. *Moore*, 108 Ill., App. 106; *Perry* v. *Ford*, 17 Mo. App., 212, *Midgette* v. *Braming Mfg. Co.*, supra; *Foster* v. *Natl. Steel Co.*, 216 Pa. St., 279, 65 Atl., 618; *Taylor, etc. R. Co.* v. *Warner*, 88 Tex., 642, 32 S. W., 868; *McCamus* v. *Citizen's Gas Light Co.*, 50 Barb., (N. Y.), 380.

Upon reason, substantiated by the decisions cited, it appears that claimant in this case was properly found by the commissioner to have been an employee of appellant, and not an independent contractor.

Upon the second point; the stable of appellant, where "housing accommodation" was furnished for petitioner's horses, in addition to wages, and for other horses of appellant, or their workmen, was at Sebago Lake, and was reached by driving, a part at least of the distance of one mile, as stated in appellant's brief, upon a highway.

After the day's work upon the ice was ended, petitioner drove to this stable, and while he was busied unhitching his horses from the sled, near said stable, again quoting from the agreed statement, "another team drove up alongside of the Dobson horses and the horses nipped each other;" whereupon one of the Dobson horses kicked petitioner, causing the injuries complained of.    Here was an accident arising

out of petitioner's occupation as teamster. Did it occur while the teamster was in the employment of the appellant?

Had the petitioner, at the close of his day's work, driven a mile or more toward his own stable, or to one of a third party, to put up his horses for the night, and been injured while caring for them, the decision may very well have been different.

True, the agreed statement, in its last paragraph, recites the following: "The Portland Sebago Ice Co., when it has room always allows the natives to stable their horses, free, in this stable as in this case and it was no part of the consideration for hire."

How this statement crept in, and what was the purpose of its insertion, in the light of the solemnly expressed "consideration," hereinbefore quoted, is not for us to determine. The commissioner must have found that stable room was furnished petitioner, during his employment, as part consideration for his services, and, such being the case, the preparation of the horses to enter the stable of appellant and to be there cared for in expectation of continuing the employment, in furtherance of the business of appellant, on the following day is incidental to the service as ice scraper; and an accidental injury, then and there suffered, is an injury arising out of and in the course of such employment. As matter of law, therefore, the decree of the sitting Justice must be upheld.

*Appeal dismissed.*
*Decree affirmed, with costs for the petitioner.*

CORNISH, C. J. sat at arguments and participated in consultation, but, owing to retirement, does not join in the opinion.