**In re Henry O. DUDLEY, Employee-Appellant, from Decree of the Industrial Accident Commission.**

Supreme Judicial Court of Maine.

Aug. 27, 1969.

David A. Nichols, Camden, for plaintiff.

Lawrence P. Mahoney and David C. Norman, Portland, for A. C. McLoon & Co.

Before WEBBER, MARDEN, DU-FRESNE, and WEATHERBEE, JJ.

DUFRESNE, Justice.

This is an appeal under the Workmen's Compensation Act by Henry O. Dudley from a pro forma decree of the Superior Court affirming the decision of the Industrial Accident Commission dismissing his petition for compensation following the Commission's finding as a matter of law that at the time his injury was sustained the appellant was not an employee of A. C. McLoon & Company but an independent contractor. 39 M.R.S.A., Sec. 1 et seq.

Did the commission fall into legal error in deciding on the undisputed facts of the instant case that as a matter of law the petitioner was in the status of an independent contractor at the time he sustained the personal injury alleged in his complaint? We so rule.

On April 22, 1967 Dudley sustained an alleged ruptured disc while harvesting rockweed along the seacoast in the City of Rockland. He was then and had been for more than four years employed generally by A. C. McLoon & Company in its lobster business operated at Rockland and his duties at his employer's lobster-shop consisted of boiling, culling and packing lobsters, together with other assignments including driving the company truck for which he was paid at the rate of $1.50 an hour on the basis of a 54-hour week. Throughout his employment by McLoon and at the request of his employer's foreman, Dudley would gather from ledges along the shore in the area the rockweed which the company needed in its business of packing and shipping lobsters in barrels. This additional work away from the premises but for the benefit of the lobster company would be carried on during weekends but, upon his foreman's notice that the supply was getting low, sorties for that purpose would be made during the week after regular working hours. For this extra pursuit Dudley was paid at the rate of $0.50 per barrel. Petitioner's back injury was sustained on a Saturday when he was pulling rockweed from rocks and loading them into a dory. The claimant did testify that sometimes his brother, a McLoon employee, would go along with him, but that as a rule he would go alone, and that when fetching rockweed he was not under anybody's supervision. No further factual details were submitted.

The question before us is whether Mr. Dudley's status at the time of the alleged accidental injury was that of an employee or an independent contractor. Under the Workmen's Compensation Act, an employee is defined to be "every person in the service of another under any contract of hire, express or implied, oral or written" with certain exceptions inapplicable here. 39 M.R.S.A. § 2(5). One who is not an employee, but an independent contractor, is not within the scope of our industrial compensation act. Kirk v. Yarmouth Lime Co., 1940, 137 Me. 73, 15 A.2d 184; Clark's Case, 1924, 124 Me. 47, 126 A. 18. The Commission found as a matter of law that under the recited facts of the instant case Mr. Dudley was an independent contractor. This finding is not binding upon us. There is no factual dispute and the issue whether the petitioner was an employee within the Workmen's Compensation Law or not is one of law reviewable by this Court. Kirk, supra; Murray's Case, 1931, 130 Me. 181, 184, 154 A. 352, 75 A.L.R. 720; Clark's Case, 124 Me. 47, 50, 126 A. 18, supra. We are not bound by the reasoning of the Commission. Boyce's Case, 1951, 146 Me. 335, 340, 81 A.2d 670. In applying the general principles of law governing the relations of master and servant to cases involving the Workmen's Compensation Act, we must keep in mind the explicit legislative mandate for us to construe the law liberally in favor of the workman. Kirk, supra, 137 Me. 73, 74, 15 A.2d

184; Murray's Case, supra, 130 Me. 181, 185, 154 A. 352, 75 A.L.R. 720. In an action under the Act by a person who in addition to his regular work under his general employment with the defendant performs other special work which benefits his employer and forms an integral part of the regular operation of the business of the employer is presumed to be in the relationship of employee-employer, and if the defendant seeks to avoid liability under the Act on the ground that such person was an independent contractor, the burden is upon the employer who asserts such defense to show the fact. Murray's Case, supra, 130 Me. 181, 184, 154 A. 352, 75 A.L.R. 720; Dobson's Case, 124 Me. 305, 309, 128 A. 401, 42 A.L.R. 603.

The facts in the instant case closely parallel those in Murray's Case, supra, and present a much stronger basis for concluding the existence of the employer-employee relationship than the factual situation before the court in the *Kirk* case. Our present conclusion is therefore controlled by these two decisions.

Without further formal reference to Murray's Case, we cannot escape the obvious similarity between the employment of Mr. Murray and the working arrangement of Mr. Dudley in the instant case except for few variations of no significant value. There was one particular job that Dudley always attended to, as did *Murray* concerning the unloading of coal cars, and that was the harvesting of rockweed. The contractual relations between the parties with regard to the respective work involved appear to have consisted of nothing more than a mutual understanding that so long as the employee remained in the employer's general employ, he would attend to that particular work, no restriction being placed upon either party which would prevent the abandonment of the arrangement on a moment's notice. In each case, the measure of compensation was based on time for regular work and on piece work for the special undertaking such as by the ton in

*Murray* and by the barrel in Dudley's case. The tools were furnished by the employer, the dory being presumed so in the absence of proof otherwise. Dudley's assistance by his brother was rare, while *Murray's* right to engage helpers, fix their wages and discharge them at will was part of the mutual understanding. The only directions of the employer with regard to the details of the work were, in *Murray*, as to where in the yard the coal should be piled, and, in Dudley's case, as to the time when in the middle of the week, the supply being low, petitioner was ordered to go and get some more rockweed. In neither case was there proof that the employee conducted a regular business venture apart from his employment by the defendant.

█ We reiterate that the vital test to prove the existence of the employer-employee relationship is whether or not the employer has retained the right to control. The right to control on the other hand is best established by the right in the employer, as in the instant case, to discharge the employee at will. *Murray's Case,* supra.

The conclusions in *Murray's Case* may be adopted in full:

"No contract existed between petitioner and respondent for the performance by the former of a certain piece or kind of work at a stated price; all of the tools and appliances used on the job were furnished by the employer; petitioner was paid by the ton [barrel], not by the job; the work was a part of the regular business of the employer; petitioner was, at the time the accident occurred, subject to the employer's orders and instructions; respondent had the right to discharge him at will without incurring liability for breach of contract.

·In the light of these facts, it is impossible to resist the conclusion that the

right to control any and every detail of the work rested absolutely with the employer."

■ We rule that the plaintiff at the time of his alleged injury was in the course of his employment by A. C. McLoon & Company in harvesting rockweed for his employer and was an employee within the terms of our Workmen's Compensation Act. 39 M.R.S.A., § 2(5).

The entry will be

Appeal sustained. Decree reversed. Case remanded for further findings. Allowance of $350 to cover fees and expenses of counsel to be paid by the employer to the employee.

So ordered.

WILLIAMSON, C. J., did not sit.

TAPLEY, J., sat at argument, but retired before the opinion was adopted.