Harlan BLACK

v.

BLACK BROTHERS CONSTRUCTION and New Hampshire Insurance Company.

Supreme Judicial Court of Maine.

Jan. 12, 1978.

Collins & Crandall, P. A. by Stephen W. Hanscom, Rockland (orally), for plaintiff.

Clyde L. Wheeler, Waterville (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

Undoubtedly the Legislature hoped any litigation concerning the meaning of the word "employee" would be forestalled by defining the word as they did in 39 M.R. S.A. § 2(5). Unfortunately the Legislature's hope in this regard has not been realized. We continue to be called upon to review the commissioner's conclusion that one who seeks compensation under the Workmen's Compensation Act is or is not an "employee" within the meaning of the Act. See, for example, *Harlow v. Agway*, Me., 327 A.2d 856 (1974); *Owen v. Royal Industries, Inc.*, Me., 314 A.2d 60 (1974); *Madore v. Liberty National Bank*, Me., 289 A.2d 36 (1972); *Michaud v. Charles R. Steeves & Sons, Inc.*, Me., 286 A.2d 336 (1972); *In re Dudley*, Me., 256 A.2d 592 (1969).

In the instant case a commissioner's finding that appellee Harlan F. Black was an "employee" of Black Brothers Construction has prompted this appeal from a pro forma decree entered in the Superior Court sustaining such conclusion by the Commission.

We sustain the appeal.

On October 3, 1975, appellee suffered a myocardial infarction while digging trenches in which to lay pipes for a septic system. He subsequently sought an award of compensation in the Industrial Accident Commission alleging that he had received "a personal injury arising out of and in the course of [his] employment."

The "employer" for whom appellee alleged that he worked, Black Brothers Construction, and the compensation insurance carrier, New Hampshire Insurance Carrier, contested liability on the ground that Black was not an "employee." They further asserted the "affirmative defense" that he was the employer, not an employee, and was not covered under the policy. The

essence of this contention was that appellee was a partner of Black Brothers Construction at the time of the "injury."

The commissioner found in appellee's favor below, holding that Black was an "employee" and that Black Brothers and the insurance carrier had not "met their burden of proving that Black was a partner." The commissioner further found that even if Black were a partner, he would be eligible for compensation payments both under the Maine Workmen's Compensation Act[1] and under the terms of the insurance policy itself.[2] A pro forma decree affirming the award was entered in Superior Court and Black Brothers and the insurance carrier seasonably appealed.

We find that the commissioner erred in concluding that appellants had the burden of proving a partnership and conclude that, as a matter of law, appellee is not an "employee" within the terms of the Workmen's Compensation Act.

■ It is well established that a claimant in a Workmen's Compensation case has the burden of proof on all essential issues. *MacLeod v. Great Northern Paper Co.*, Me., 268 A.2d 488 (1970); *White v. Monmouth Canning Co.*, Me., 228 A.2d 795 (1967). One essential issue to be proven by the claimant is employment. *Owen v. Royal Industries, Inc., supra; Houle v. Tondreau Bros. Co.*, 148 Me. 189, 91 A.2d 481 (1952). Ordinarily, however, where an affirmative defense is raised, the burden as to such issue is on the party asserting such defense. *Metcalf v. Marine Colloids, Inc.*, Me., 285 A.2d 367, 370 (Wernick, J. Concurring); R. Field, V. McKusick and L. Wroth, 1 *Maine Civil Practice* § 8.7 (2nd ed. 1970). Here, however, appellants did not actually raise an affirmative defense, despite the caption of their pleadings. The thrust of the "de-

fense" was merely to contest appellee's allegation that he was an "employee." By asserting that appellee was an employer and a partner, appellants merely assert that appellee is not entitled to employees' benefits. Since no affirmative defense was raised, the burden of proof as to the issues remained on the petitioner-appellee.

■ The commissioner also erred as a matter of law in concluding that appellee was an employee. Employment status is a legal conclusion to be drawn from established facts. *Madore v. Liberty National Bank, supra; In re Dudley, supra.* In the instant case, the facts are undisputed, only the legal conclusion is at issue. Because this is so, we are not bound by the commissioner's conclusion.

■ An employee is defined under the Maine Workmen's Compensation Act as any person "in the service of another under any contract of hire, express or implied, oral or written" with certain exceptions inapplicable here. 39 M.R.S.A. § 2(5). One essential element in determining employment status is the employer's right to control the employee. *Poulette v. Herbert C. Haynes, Inc.*, Me., 347 A.2d 596 (1975); *In re Dudley, supra; Murray's Case*, 130 Me. 181, 154 A. 352, 75 A.L.R. 720 (1931). The record is devoid of evidence that appellee was in the service of his brother.

Both appellee and Harold hired employees;

Both appellee and Harold made bids on work;

Both bought new equipment after consultation with one another;

Both signed contracts.

The record does reveal that appellee often bowed to the greater expertise of his brother Harold. Typical of this is revealed

---

1. 39 M.R.S.A. § 2(5)B was adopted by Chapter 539 § 1 P.L. 1977 effective October 24, 1977. This statute has no application here as the "injury" is alleged to have occurred October 3, 1975.

2. The policy read in pertinent part as follows:
   "3. *Partnership or Joint Venture as Insured.*

If the insured is a partnership or joint venture, such insurance as is afforded by this policy applies to each partner or member thereof as an insured only while he is acting within the scope of his duties as such partner or member."

by the following questions put to Harold and his answers thereto:

Q. Is there any type of job that you would figure to bid on, any particular type of job you would figure a bid on yourself more than any other one?

A. Oh, I did most of the bids on the fill jobs.

Q. Fill jobs?

A. Yes.

Q. And, was the reason for that that you were more expert in that particular area than he was?

A. Yes.

Q. Because you had done it more?

A. Yes.

Q. And, he did the bids on jobs where there was less expertise involved, is that correct?

A. Yes, you might say that, yes.

On the other hand, the record is replete with evidence the two brothers operated as partners.

In *Cumberland County Power and Light Co. v. Gordon,* 136 Me. 213, 218, 7 A.2d 619, 622 (1939); this Court adopted Story's classic definition of a partnership:

"A voluntary contract between two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business with the understanding that there shall be a community of profits thereof between them."

Appellee's brother Harold described the relationship between the partners as follows:

"Well, there wasn't really any arrangement. I just decided I had to have some help so we decided he would come in with me and we could do the work and split the profits. There was no agreement of any sort."

When appellee entered the business with his brother Harold:

The Company's name was changed to "Black Brothers Construction."

Partnership tax returns were filed by the business;

Appellee's personal income tax records for 1974 and 1975 attributed most of his income to a partnership source;

The business filed W–2 Forms and paid Social Security for two part-time employees, but did not do so for appellee;

Both brothers signed Company checks;

The named insureds in the compensation insurance policy were Harold E. Black and Harlan Black d/b/a Black Brothers Construction;

In computing the premium charged by the insurer for this insurance coverage, the money which appellee received from the business was never included in the total of wages paid.

We find as a matter of law the only legal conclusion which could properly be drawn from the evidence before the commissioner was that appellee was not an "employee" within the meaning of 39 M.R.S.A. § 2(5), but rather was a partner with his brother Harold Black in Black Brothers Construction.

In suggesting as he did that appellee was entitled to Workmen's Compensation by the terms of the insurance policy itself, the commissioner misconstrued the terms of the policy. Careful reading of the clause of the policy to which the commissioner referred satisfies us that the policy provision means that if appellee is a partner, the insurance coverage provided by the policy applies to him as a partner-employer only while he is acting within the scope of his duties as such partner.

The entry must be:

Appeal sustained.

The decree of the Industrial Accident Commission set aside.

Remanded to the Superior Court for the entry of an order remanding to the Industrial Accident Commission with instructions to enter a decree in favor of the employer.

Further ordered that the appellants pay to the appellee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

ARCHIBALD, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

DELAHANTY, J., sat at oral argument, but participated no further.

WERNICK and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.