**Donald N. JUSTARD**

v.

**OXFORD PAPER COMPANY and/or Travelers Insurance Company.**

Supreme Judicial Court of Maine.

April 11, 1978.

---

Fred E. Hanscom (orally), Thomas S. Carey, Rumford, for plaintiff.

Robinson, Hunt & Kriger by Sarah M. Allison (orally), James S. Kriger, Portland, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On February 12, 1973 Donald N. Justard filed with the Industrial Accident Commission a petition asking that he be awarded compensation for an injury allegedly sustained by him in the course, and arising out, of his employment at the Oxford Paper Company. After a hearing the Commission awarded petitioner compensation. On appeal, however, this Court decided that the Commission had erred by giving evidentiary weight in its analysis of causation to docu-

ments not admitted in evidence, and we remanded the case to the Commission for further proceedings. *Justard v. Oxford Paper Company*, Me., 328 A.2d 127 (1974).

These further proceedings culminated with a decision of the Commission, rendered June 22, 1976, finding that the employee's condition was not caused by his employment and denying the petition for award of compensation. On the basis of this June 22nd decision, the Commission, on July 8, 1976, also denied the employee's petition for determination of the extent of his alleged permanent impairment. Petitioner has appealed from the judgments entered pro forma by the Superior Court on the Commission decrees.[1]

We sustain petitioner's appeals.

At the initial 1973 proceedings the only witnesses were the petitioner and a physician, Dr. J. Wayne Tyler. As to their testimony, we said in our opinion in *Justard*, supra, n. 1 at 130, that even though it could support a decision in favor of petitioner (as had been rendered by the Commission), nevertheless our decision in *Towle v. Department of Transportation, State Highway*, Me., 318 A.2d 71 (1974), forthcoming after the Commission proceedings under review, could have significant bearing upon the rights of the parties. Hence, since the case was being remanded in any event for further proceedings (because of the Commission's error, above-mentioned, prejudicial to the employer and insurance carrier), we carefully specified that on remand a "further hearing" should be held. We stated expressly that since

"neither the Commissioner nor counsel for the parties had the benefit of our opinion in *Towle* . . ., justice requires that the Commissioner's new evaluation be made after a further hearing in which the parties, as they may be guided by the exposition in *Towle*, shall have

---

1. Despite an order of this Court dated May 17, 1977 and filed on May 19, 1977, denying employer's motion to dismiss the appeal for alleged noncompliance with various aspects of the appeal procedure set forth in 39 M.R.S.A. § 103, the employer again raises the same issues, in more detail, in its brief on appeal. Since the Court's prior order is dispositive, we need not re-examine employer's contentions with respect to the procedural issues arising under § 103 of the Workmen's Compensation Act.

opportunity to bring forward such additional evidence as they deem appropriate." (328 A.2d at 130)

Inexplicably, the Commission failed to comply with this mandate. The record shows that on remand the case first came before the same Commissioner who had originally heard the petition. In a March 14, 1975, proceeding that Commissioner generated a dispute with counsel for the parties by attempting to limit the scope of the hearing to issues relating to the documents upon which he had erroneously relied. On this occasion the proceeding terminated with all concerned apparently sharing an understanding that the case stood continued, and hearing would be resumed at an unspecified future date. Indeed, the record shows that the petitioner specifically reserved the right to produce additional evidence should the employer see fit to present medical evidence beyond that originally given by Dr. Tyler.

Thereafter, on January 30, 1976, the deposition of Dr. Kevin Hill was taken before a Notary Public. The record fails to indicate that this deposition was ever formally introduced in evidence.

On June 22, 1976, without any further hearing, the Commission issued one of the decrees now being appealed, and this decision was rendered by a Commissioner who had not previously participated in the case. The employee's petition for award of compensation was dismissed. In support of this ruling the new Commissioner relied on Dr. Hill's deposition, and the only substantive reference to the facts of the case was the Commissioner's conclusion that:

"Dr. Hill's firm opinion is that Mr. Justard's work schedule requirements did not cause the detached retina which resulted in the loss of sight in his right eye. We perceive no adequate reason to reject Dr. Hill's opinion . . . ."

Further, as already noted, based on this decision of June 22, the new Commissioner subsequently, on July 8, 1976, denied the employee's petition for determination of alleged permanent impairment.

The above-described sequence of events requires that we again overrule the Commission and remand the case to the Commission for further hearing.

In violation of our express order in *Justard*, the Commission failed to conduct the "further hearing" with respect to the issue of causation as potentially affected by our decision in *Towle*. Although Dr. Hill's deposition could be held relevant to the further inquiry directed in *Justard*, the manner of the new Commissioner's resort to it exhibits a failure to accord fundamental procedural fairness. By treating Dr. Hill's deposition as evidence, and considering only the parties' objections as noted in the deposition itself, the Commissioner denied the parties an opportunity to be heard with respect to the relevance or admissibility of the deposition. Petitioner, furthermore, was not offered the opportunity, which he had specifically requested, to present additional evidence should additional medical testimony be adduced on behalf of the employer. Finally, the decree fails to indicate whether or not the new Commissioner gave consideration to the record of the original 1973 proceedings, in which he did not participate.

The Commission's findings can be upheld only if supported by competent evidence. *Willette v. Statler Tissue Corp.*, Me., 331 A.2d 365 (1975). We have already adverted to the point that the record fails to indicate that Dr. Hill's deposition was ever introduced, or properly admitted, in evidence. See *Richardson v. Robbins Lumber, Inc.*, Me., 379 A.2d 380 (1977) (requiring indication on the record that the deposition was duly admitted in evidence). Since the new Commissioner's decision rested so heavily, indeed perhaps exclusively, on the deposition of Dr. Hill, we must conclude, in the absence of an indication that the deposition was lawfully received in evidence, that the decree is not supported by *competent* evidence.

Again, then, we must remand the case, and again we take pains to stress that justice requires that the Commission's re-evaluation shall not be limited to the record already made. At a further *hearing* before

the Commission, the parties shall be allowed opportunity to agree that the present record, including the deposition of Dr. Hill and the record of the original 1973 proceedings, are admissible in evidence and constitute all of the evidence presented. If the parties will not so agree, each party shall have the right to present such further evidence, beyond the record of the 1973 proceedings, as said party may think relevant to the issue of causation in light of our decision in *Towle*. More particularly, the Commission must not undertake, as was previously attempted, to limit such further hearing to issues relating to the documents improperly relied upon by the original Commissioner in support of the 1973 decree. Rather, as we previously sought to make plain in *Justard*, supra, each of the parties "guided by the exposition in *Towle*, shall have opportunity to bring forward such additional evidence as   .   .   .   [each may] deem appropriate." (328 A.2d at 130)

The entry is:

Appeals sustained.

The pro forma judgments of the Superior Court are vacated.

Remanded to the Industrial Accident Commission for further proceedings consistent with the opinion herein.

Further ordered that the Appellee pay to Appellant an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for these appeals.