Virginia McKENZIE

v.

C. F. HATHAWAY CO.

Supreme Judicial Court of Maine.

Argued March 7, 1980.

Decided June 4, 1980.

Douglas M. Smith, Dover-Foxcroft (orally), Jay P. McCloskey, Bangor, for plaintiff.

Rudman, Winchell, Carter & Buckley, William S. Wilson (orally), Michael P. Friedman, Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

Virginia McKenzie appeals from the pro forma decree affirming the denial of her petition for workers' compensation. Her petition sought compensation for an occupational disease,[1] namely emphysema and

---

1. Occupational diseases are governed by 39 M.R.S.A. § 181 et seq. Section 183 defines "occupational disease" as

only a disease which is due to causes and conditions which are characteristic of a particular trade, occupation, process or employment and which arises out of and in the course of employment.

Section 185 covers aggravation of a non-compensable incapacity by an occupational disease. The relevant part provides:

Where . . . incapacity from any other cause, not itself compensable is aggravated, prolonged, accelerated or in anywise contributed to by an occupational disease, the compensation payable shall be reduced and limited to such proportion only of the compensation that would be payable if the disease were the sole cause of the incapacity or death as such occupational disease, as a causative factor, bears to all the causes of such incapacity or death, such reduction in

chronic bronchitis, allegedly caused or aggravated by dust in the atmosphere in defendant Hathaway's plant. The Commissioner rejected her claim. McKenzie argues on appeal that there was no competent evidence to support the denial of her petition.[2] We affirm the judgment.

The Commissioner made the following findings:

Virginia McKenzie who had been employed by C. F. Hathaway Company for about fifteen years as a button sewer in a shirt manufacturing plant, ceased working on July 27, 1977, because she was suffering from bronchitis, asthma, and emphysema, which made her unable to continue her job. There was an unmeasured quantity of textile fibre dust and other dust in her daily work environment at Hathaway's. She had smoked about fifteen cigarette [sic] daily during the twenty years preceeding [sic] June 1976.

It is more probable than not that Mrs. McKenzie's disabling respiratory condition was not caused nor [sic] aggravated to any perceptible degree by exposure to dust at the Hathaway Plant.

 The Commissioner's findings of fact are final if supported by competent evidence. *Robbins v. Bates Fabrics, Inc.*, Me., 412 A.2d 374, 380 (1980); *Moreau v. Zayre Corp.*, Me., 408 A.2d 1289, 1292 (1979); 39 M.R.S.A. § 99. The Commissioner's finding must be upheld if supported by testimony in the record, even if other testimony would have supported a contrary conclusion. In the present case, we interpret the words "not caused nor aggravated to any perceptible degree" to mean that conditions at her place of employment neither caused nor aggravated McKenzie's disabling respiratory condition. We find that "to any perceptible degree" is a superfluous qualification. Unlike the use of the word "sub-

stantial" in *Smith v. Dexter Oil Co.*, Me., 408 A.2d 1014, 1015, 1016 (1979), the use of the word "perceptible" here does not introduce a fatal ambiguity into the decree.[3] *See MacLeod v. Great Northern Paper Company*, Me., 268 A.2d 488, 491, 492 (1970). Our task, then, is limited to examining the record to determine whether there was any evidence on which the Commissioner could base a finding that McKenzie's condition was not caused or aggravated by dust in the Hathaway plant.

The petitioner cites testimony by Dr. James Mellott which would have supported a conclusion in her favor. Dr. Mellott's opinion was that "heavy dust ladened air" at the Hathaway plant was "the factor that came into existence not long before her serious difficulties" and as such, was "an aggravating or exciting factor" although not the only cause of her illness. This opinion is weakened somewhat by conflicting evidence as to the extent of dust in the atmosphere at the plant, and by the petitioner's own testimony that she had been exposed to the plant's atmosphere for some eleven years prior to the development of serious respiratory problems. An evaluation of facts upon which an expert witness relies is as much a part of weighing his testimony as is an evaluation of his reasoning.

In addition, the record contains testimony which supports the Commissioner's conclusion. Dr. Robert Kellogg, an internist who examined McKenzie on September 7, 1977, six weeks after she left work, testified that the cause of pulmonary emphysema is cigarette smoking "in ninety-five to ninety-eight percent of patients." With respect to McKenzie herself, Dr. Kellogg expressed the opinion that her pulmonary emphysema was caused by her cigarette smoking. He

compensation to be effected by reducing the number of weekly or monthly payments or the amounts of such payments as under the circumstances of the particular case may be for the best interest of the claimant or claimants.

2. Petitioner also argued in her brief that the Commissioner had relied on a deposition not

properly a part of the record, but her counsel informed the Court at oral argument that this issue was waived.

3. Although the superfluous words have no legal effect here, the Commissioner should avoid the use of vague qualifying terms.

said that he was unaware, in his practice and in his research, of any causal relationship between the dust particles associated with shirt manufacturing and the development of emphysema.

On cross-examination, McKenzie's counsel got Dr. Kellogg to concede that "rarely exposure to dust may contribute to the development of emphysema," but the doctor also stated that he thought that if the dust were a factor, McKenzie's emphysema would have developed "in her first few years of employment and not in her eleventh year."

At the end of cross-examination, counsel asked:

But based on the examinations that you have you're unable to exclude dust as a contributing factor?

Dr. Kellogg responded:

I can't exclude it.

In isolation, this last question and answer are ambiguous: Dr. Kellogg could have been conceding either that the dust *was* a contributing factor, or that it *might* have been a contributing factor. In context, Dr. Kellogg was clearly only conceding the possibility that McKenzie's might have been one of the rare cases of emphysema in which dust was a contributing factor. This concession did not require the Commissioner to find that McKenzie's was in fact such a case. On the contrary, it allowed the Commissioner, if he was persuaded by the rest of Dr. Kellogg's testimony, to draw exactly the conclusion he drew: that it was "more probable than not" that the dust was neither a causal nor an aggravating factor.

Dr. Kellogg did observe that McKenzie's condition appeared to have improved in the time between the day she stopped working (as ordered by Dr. Mellott), July 27, 1977, and the day he examined her, September 7, 1977. Although this observation suggested that conditions at work were aggravating McKenzie's lung problems, Dr. Kellogg also testified that McKenzie had cut down her smoking in the same period, from fifteen to two cigarettes a day. We cannot, therefore, find that the record required the Commissioner to find that the dust was contributing to her condition. The Commissioner could rather have found that the evidence concerning the role of dust, though suggestive, was inconclusive.[4]

■ The employee bears the burden of proof of entitlement to workers' compensation. *Black v. Black Bros. Const.*, Me., 381 A.2d 648, 650 (1978). The Commissioner was not required to find that the dust was a factor, either in causing or in aggravating McKenzie's condition. He found instead that the petitioner's evidence on this uncertain medical question was insufficient to persuade him. He was persuaded, in fact, of the opposite conclusion.

■ We repeat that it is not our task, as a reviewing court, to substitute our judgment for that of the Commissioner in evaluating the testimony of Dr. Kellogg. If the Commissioner, in his expertise, is persuaded by such testimony, and bases his finding thereon, that finding is final. *Robbins, supra; Moreau, supra*; 39 M.R.S.A. § 99. We must therefore affirm his decision.

The entry is:

Appeal denied.

Pro forma decree of the Superior Court affirmed.

It is ordered that the employer pay to the employee an allowance of $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

4. Since the Commissioner found that petitioner's disabling respiratory condition was neither caused nor aggravated by exposure to dust at the Hathaway plant, we need not decide the present meaning of 39 M.R.S.A. § 185. We simply note that § 185 was enacted at a time when "occupational disease" had an entirely different meaning under the then provisions of § 183. We intimate no opinion on the question whether § 185 requires any different handling of an occupational disease, as opposed to work-related injury, when accompanied by any other non-compensable incapacity.