### Donald N. JUSTARD

v.

### OXFORD PAPER COMPANY and Travelers Insurance Company.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1981.

Decided July 13, 1981.

Hanscom & Carey, P. A., Fred E. Hanscom (orally), Rumford, for plaintiff.

Robinson & Kriger, Sarah A. Thornton, (orally), Portland, for defendants.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN,* ROBERTS and CARTER, JJ.

NICHOLS, Justice.

The employee, Donald N. Justard, appeals from a *pro forma* judgment entered on May 22, 1980, in the Superior Court, Oxford County, affirming a decision by the Workers' Compensation Commission. That decision denied the employee's petition for award of workers' compensation from Oxford Paper Company and his petition for permanent impairment.

We deny the appeal and affirm the judgment.

---

* Glassman, J., sat at oral argument and participated in the initial conference but died before the opinion was adopted.

A brief history of this controversy, having its genesis in 1973, is essential to a discussion of the issues discussed herein.

In February, 1973, the employee filed a petition seeking compensation for an injury to his left eye allegedly sustained in the course of his employment with Oxford Paper Company. What was then the Industrial Accident Commission awarded compensation, but on appeal judgment was vacated due to the Commission's evidentiary reliance on a document which had not been admitted into evidence. *Justard v. Oxford Paper Co.*, Me., 328 A.2d 127, 129 (1974) (hereinafter *Justard I*). Because the parties had not had the benefit of our opinion in *Towle v. Department of Transportation*, Me., 318 A.2d 71 (1974)[1], the case was remanded for a further hearing in which the parties could be guided by that decision. We also gave the parties the "opportunity to bring forward such additional evidence as they deem appropriate." *Justard I, supra* at 130.

In June, 1976, the Commission issued a second decree, denying the employee's petition for award of compensation, and in July of that year the employee's pending petition for permanent impairment was dismissed. Again we sustained the employee's appeal, concluding that: (a) the Commission failed to comply with our mandate in *Justard I* to conduct a further hearing in accordance with the guidelines of *Towle, supra*, and (b) the presiding Commissioner relied upon a deposition of Kevin Hill, M.D., dated January 30, 1976, which had not been lawfully received in evidence. *Justard v. Oxford Paper Co.*, Me., 384 A.2d 441 (1978) (hereinafter *Justard II*). Quoting *Justard I*, we again directed that upon remand "each of the parties 'guided by the exposition in *Towle*, shall have opportunity to bring forward such additional evidence as ... [each may] deem appropriate.'" *Justard II, supra* at 444.

Pursuant to this second remand, hearing was held on October 2, 1979, the parties agreeing that testimony of J. Wayne Tyler, M.D., and Justard, previously offered at a hearing on May 8, 1973, could be considered by the Commission as evidence.[2] At this hearing, on October 2, the deposition of Dr. Hill was offered into evidence for the first time by the employer and was admitted over the objection of the employee. The admission of this deposition into evidence constitutes the gravamen of the instant appeal.

On May 5, 1980, the Commission denied both Justard's petition for award of compensation and his petition for permanent impairment, concluding that the employee's injury did not arise out of and in the course of his employment. Specifically, the Commission found that in accordance with *Towle, supra*, the evidence did not establish an injury occasioned by a gradual worsening or breaking down as a result of stress from the employee's usual work.

As his first point on appeal, the employee argues that the Commission erred in admitting into evidence the deposition of Dr. Kevin Hill.

We disagree.

At the hearing on October 2, 1979, the employee objected to the admission of Dr. Hill's deposition on three grounds: the deposition could not be received and considered as evidence because the case was "closed" in that it "had gone to the Law Court"; our mandate in *Justard I* did not contemplate the offering of additional "medical" testimony; and the deposition did not indicate whether Dr. Hill had obtained from either the employee or Dr. Tyler any "substantial history" prior to his examining and prescribing treatment for Justard.

■ Concerning the first and second grounds for objecting, the Commission cor-

---

1. *Towle* addresses the legal standards of causation for a personal injury by accident arising out of and in the course of employment. 318 A.2d at 72.

2. This evidence, describing the employee's "injury" and his initial treatment, is summarized in *Justard I*, 328 A.2d at 127–28.

rectly concluded that our remand in *Justard I* opened the door for the admission of additional evidence. As previously noted, we directed in both *Justard I* and *Justard II* that the parties be given the opportunity to present such *additional* evidence as they might deem appropriate. 328 A.2d at 130; 384 A.2d at 444. In no way did we restrict the type of evidence that could be presented; the parties were free to submit, as they deemed appropriate, both additional medical and non-medical evidence. Accordingly, the Commission did not err in overruling the employee's objections on these grounds. As to the third grounds for the employee's objection, the Commission correctly ruled that it addressed the credibility and weight to be given Dr. Hill's testimony; it did not go to the question of admissibility of the deposition into evidence.

For the first time on appeal the employee seeks to raise an additional grounds for his objection to the admission of Dr. Hill's deposition. He argues that the deposition should not have been received because none of the "conditions precedent" of M.R.Civ.P. 32(a)(3) were satisfied.[3] He concludes, therefore, that Dr. Hill should have been present to testify personally before the Commission.

We recognize that the admissibility of evidence, contained in a deposition, is often subject to the pre-conditions of M.R. Civ.P. 32(a)(3). Where, however, as in the instant case, the employee's grounds for objection are raised for the first time at the appellate level, we do not review those grounds. Specifically, the employee's objection before the Commission to admission of the deposition, on the specific grounds enumerated above, constituted a waiver of all grounds not specified or relied upon. *Chenard v. Marcel Motors*, Me., 387 A.2d 596, 603 (1978): M.R.Evid. 103(a). It is a well established rule of appellate procedure that, absent manifest error, we will decline to entertain arguments or grounds for objections not presented to the original tribunal. *See, e. g., State v. Flemming*, Me., 409 A.2d 220, 223 (1979); *Severy v. S. D. Warren Co.*, Me., 402 A.2d 53, 56 (1979); *see also* 1 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice* § 46.1 (2d ed. 1970); R. Field & P. Murray, *Main Evidence* § 103.2 (1976).

We decline to consider this newly raised argument, and we conclude that the Commission did not err in admitting into evidence the deposition of Dr. Hill.

For his second point on appeal, the employee argues that the Commission erred in concluding that the loss of sight in his left eye was not the result of the injury arising out of and in the course of his employment. From our review of the evidence of record,

---

**3.** Section 93(3) of the Workers' Compensation Act provides that

"[i]n all proceedings before the Workers' Compensation Commission, all forms of discovery available in civil actions in the Superior Court under the Maine Rules of Civil Procedure, as amended, shall be available to any of the parties in the proceedings . . . ."

Accordingly, M.R.Civ.P. 32(a) states in pertinent part:

At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any of the following provisions:

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

we conclude that it was rationally open to the Commission as factfinder to reach the conclusion it did.

■ Fundamental to the law of workers' compensation is the principle that only disabilities "arising out of and in the course of" employment are entitled to an award of compensation. 39 M.R.S.A. § 51; *Hamm v. University of Maine*, Me., 423 A.2d 548, 550 (1980); 1 A. Larson, *The Law of Workmen's Compensation* § 6.10 (1978). The burden of proving that the injury was sustained "in the course of," and did "arise out of," the employment is upon the employee. *Wing v. Cornwall Industries*, Me., 418 A.2d 177, 178 (1980); *Chase v. White Elephant Restaurant*, Me., 418 A.2d 175, 176 (1980). Since casual connection is a question of fact, *see Parent v. Great Northern Paper Co.*, Me., 424 A.2d 1099, 1101 (1981), our review is restricted to determining whether there is competent evidence to support the Commission's findings, *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 518 (1980).

■ In *Justard I, supra*, and *Justard II, supra*, we remanded this case for a further hearing in order to avail the parties the benefit of our decision in *Towle v. Department of Transportation, supra*. Discussing the law of Maine concerning the issue of causal connection, we concluded in *Towle* that "a weakness in the bodily structure which is gradually worsened and breaks down finally in the stress of usual work may sometimes be an injury by accident." 318 A.2d at 72. Relying upon this very language, the Commission, in the case at bar, concluded that the evidence did not establish an injury caused by a gradual breaking down as the result of stress from the employee's usual work. On the contrary, the Commission found that the employee's loss of vision was sustained, not by the working conditions of his employment, but solely by a detached retina.

Having examined the employee and made a diagnosis that the retina of his left eye had become detached, Dr. Hill testified that physical exhaustion and excessive use of the eyes had not been demonstrated with any degree of certainty to have any causal relationship to the production of detached retinas. He further opined that the employee's stress of work would not have caused the retinal detachment and resulting loss of vision. Clearly, this evidence was sufficiently probative to support the Commission's conclusion that the employee's injury was not "occasioned by a gradual worsening or breaking down as a result of stress from the employee's usual work." The Commission's findings are final and will not be disturbed on this appeal. *Robbins v. Bates Fabrics, Inc.*, Me., 412 A.2d 374, 380 (1980).

Finally, the employee suggests that the Commission erred by failing to consider all the competent evidence, particularly the testimony of Dr. Tyler. The argument is without merit. The Commission's findings, supported by competent evidence as discussed above, must be upheld even if other testimony *could* have supported a contrary conclusion. *McKenzie v. C. F. Hathaway Co.*, Me., 415 A.2d 252, 253 (1980).

The entry is:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.